WILLIAM T. JOHNSON, ET AL *v.* SUCCESS BRICK MACHINERY COMPANY.

[46 South., 957.]

1. EXECUTORS AND ADMINISTRATORS. *Claims against estate of decedent. Failure to probate. Code 1892, § 1933. Code 1906, § 2107.*

   Under Code 1892, § 1933 (Code 1906, § 2107), providing that all claims against the estate of a decedent shall be probated within one year after the first publication of notice to creditors, or otherwise the same shall be barred, an action cannot be maintained on an unprobated note.

2. SAME. *Promissory note. Principal maker. Surety. Discharge of surety. Practice. Pleading.*

   On the trial of a suit on a promissory note against the administrator of a deceased principal maker and his surety in which the declaration charged that the note had been duly probated against the estate of the decedent and the administrator, relying on the charge, had failed to controvert the charge by his pleadings, where it appeared from plaintiff's evidence that the note had never been probated, it was error, when plaintiff had rested his case, to refuse:—

   (*a*) The administrator's application to predicate a defense of the evidence showing that the note had never been probated; and

   (*b*) The application of the other defendant to plead that he executed the note, as plaintiff well knew at the time, merely as a surety of the deceased maker, and that he had been released from liability thereon because plaintiff had failed to probate the note against the estate of the decedent and thereby forfeited his debt against the estate of the principal debtor, more than a year

having elapsed after the due publication of notice by the administrator to creditors requiring them to probate their claims.

3. SAME. *Code* 1906, § 4944. *Supreme court practice. Reversals. Errors as to others. Exception.*

     Code 1906, § 4944, providing that a judgment may be affirmed as to some of the appellants and reversed as to others, and one of several appellants shall not be entitled to a reversal because of an error against another not affecting his rights in the case, does not prevent the reversal of a judgment against a surety on a promissory note where it is reversed as to the administrator of the estate of the principal maker on the ground, a matter affecting the rights of the surety, that the note had not been probated against the estate, after due notice to creditors to probate their claims.

4. SAME. *Principal and surety. Release of surety by creditor. Failure to probate.*

     Where the payee in a promissory note failed to probate it against the estate of the deceased principal maker and permitted it to become barred as against the estate of the deceased debtor, he cannot recover against a mere surety on the note. CALHOON, J., *dissented.*

FROM the chancery court of Leflore county.

HON. SYDNEY SMITH, Judge.

The Machinery Company, appellee, was plaintiff in the court below; Johnson and one Bright, administrator of the estate of W. O. Bacon, deceased, appellants, were defendants there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The suit was upon a promissory note given in the life time of Bacon, the principal maker, to secure an extension of time on a judgment formerly obtained against him, by the plaintiff. Before the maturity of the note, Bacon died. The declaration alleged that the note sued on was duly probated against the estate of Bacon and would be produced on the hearing of the cause. Bright, the administrator, did not file a plea or set up any defense, since he would have had none, had the note been probated. Upon the trial the proof developed the fact that the note had not been probated, but that the judgment for which the note was given had been. And the administrator then, for the first time,

was informed that the allegations of the declaration were not borne out by the facts. He had a defense to the unprobated note, the same being barred by the one-year statute for probating claims, and thereupon made a motion to be allowed to file a plea before judgment entered and before the court had passed on the instructions asked by the respective parties on the issues made by the pleas of the otehr defendant. And the defendant Johnson, then moved the court to be permitted to file a special plea setting up the fact that he executed the note sued on as a surety for Bacon, and that plaintiff knew this fact at the time of the execution of the note, and that plaintiff had failed to probate the note as required by law, and had therefore lost his right to hold the administrator liable, and the surety had thereby been discharged from liability on said note. The court overruled both motions, gave a peremptory instruction to find against Johnson, surety, and entered a judgment by default against Bright, administrator.

*Mayes & Lonstreet* and *McClurg, Gardner & Whittington,* for appellants.

It was error to refuse to allow the appellant Johnson, the surety, whose suretyship is not denied, to file a special plea setting up the fact that the plaintiff had failed to probate the note sued on as required by law, and that by such failure the estate of the principle had been discharged from the note.

It is true that this request came late in the cause. It came after the trial. But, on the other hand, the request was made before the jury retired; and it was made before the court instructed the jury; and it was made in consequence of, and pursuant to, the development of a fact which transpired on the trial itself.

The declaration had falsely alleged that the note had been duly probated; whereas, in fact, the note had not been probated at all. Plaintiff had been in possession of this note; the plaintiff had probated the judgment.

On the trial the fact that it was the judgment which had been probated, and not the note, was for the first time developed. All through the trial the defendant, Johnson, was skirmishing around with the court trying to get this note excluded; repeated objections and motions were made which were intended to raise this point and by the court overruled.

Then came the application at once to file the special plea setting up these facts, and this application the court clearly should have allowed.

It does not appear how the amending of the pleadings and proceedings in the case so as to allow this point to be presented by a plea, would have prejudiced the plaintiff in any way; and the fact that the amendment was the direct result of the plaintiff's own false statements contained in his declaration that the note had been probated must be remembered.

The substantial point to be considered in connection with this action of the court in refusing to allow the plea to be filed, is this: whether the pleading itself presents a substantial defense, and to this question we shall address ourselves.

The proposition advanced in the defendant's application to file the plea was that the plaintiff's failure and refusal to probate said note had resulted in the discharge of the estate from the payment of the note and, consequently, in the discharge of the appellant, the surety.

Now, his Honor, did not refuse to allow that plea to be filed for the reason that the plea misdescribed the statute and spoke of the statute as being one which requires a probate within twelve months of the issuance of letters of administration, but refused to allow the plea to be filed on the ground that the application came too late.

The description of the statute as being one which requires probate within a year of administration, was an obvious misdescription. It is clear that they all understood what statute was under discussion, being Code 1892, § 1933.

This section provided that unless claims are probated within

the year, registered and allowed, no suit shall be maintained thereon in any court. This court decided in *Cheairs* v. *Cheairs,* 81 Miss., 662, 33 South., 414, that the provisions of the probate law must be strictly followed in the making of these probates; that they are jurisdictional to the right of the chancery clerk to allow the claim, and any attempted probate not made in conformity to the statute is void.

Now in the case at bar, the probate that was made was of the judgment, and no probate was even attempted to be made of the note; but the suit was on the note, and by the very terms of the statute the declaration is express that in such case no suit shall be maintained in any court.

There is a positive prohibition in the statute of such suit.

This case is not controlled, we submit, by the ordinary rule that mere non-action on the part of a creditor whereby the debt is allowed to become barred as against the principal will not release the surety; it is not controlled by the decision in *Johnson* v. *Planters' Bank,* 4 Smed. & M., 165, and similar cases affirming the same doctrine, for the reason that this particular instance is one which is regulated by state statutes, and not by general principles of jurisprudence.

Here, the statute with a new and increased emphasis, required that certain things shall be done in the way of probate; and the statute expressly declares that in case these things be not done, then no suit shall be maintained on the claim in any court.

The creditor knows the law as well as does the surety. The case is not one of mere non-action on his part. He acts; but his action is, that he probates the judgment and not the note. The surety seeing the fact of a probate of the judgment, for which the note is security, has a right to suppose that the creditor has also proven it, in the manner exacted by law, the note, which is a security for the real debt, the judgment. He is misled until it is too late. The very declaration in the suit falsely stated that the note had been duly probated.

His declination to comply with the law; his probate of the

claim, in the wrong shape, is more than mere non-action, and it puts the note in the attitude where he cannot sue upon it in any court.

It is true that Code 1906, § 4944 provides that one of several appellants shall not be entitled to a judgment of reversal because of an error in the judgment or decree against another, not affecting his rights in the case. But the qualification is that the rule established by the statute is applied only in an instance where the party who complains of an error in the judgment against another must be complaining of an error which does not affect his own rights in the case.

But here the error of the court as to the administrator did affect the rights of Johnson, the surety, in the case; for the reason that the administrator was trying to set up the same objection to the note which, if successfully set up by him, would have defeated the entire suit. If this court should reverse the case on the administrator's appeal, we submit that the case must also be reversed on Johnson's appeal.

*Green & Green* and *Kimbrough & Kimbrough,* for appellee.

This court can look over the completed record and see that no right has been denied and a judgment rendered which justice demanded. *Insurance Co.* v. *Francis,* 52 Miss., 457; *Goodbar* v. *Dunn,* 61 Miss., 618.

Johnson was a joint and several maker of the note and not a surety. The whole of the argument upon the part of Johnson is predicated upon the assumption that by a failure to probate the note, probating a judgment, for the same debt and the same amount, that thereby Johnson was discharged. Notice the terms of the contract upon which the suit was brought, thereby was a promise made not by Bacon as principal and Johnson as surety, but thus: "I, we, or either of us promise to pay."

It was wholly incompetent to attempt to vary the liability of Johnson by parol evidence, it was wholly incompetent and his liability was that of a maker of the instrument.

The rule upon this subject is uniform in this state and had its beginning in *Heaverin* v. *Donnell,* 7 Smed. & M., 247, wherein Justice Thatcher said: "The contract to pay as acceptor was in writing, and therefore could not be changed by parol; the deposition went to show that there was not a positive agreement to pay as acceptor, and, therefore, being parol testimony, was not admissible. 14 Mass., 154; 1 Cow., 249, 7 Mass., 518."

In *Powell* v. *Jones,* 12 Smed. & M., 508, Mr. Justice Clayton declared: "Nor was there any error in the rejection of the testimony offered by defendant in support of his plea. Parol evidence to vary or contradict the bill single was not admissible. *Heaverin* v. *Donnell,* 7 Smed. & M., 244; 21 Eng. Com. Law Rep., 156, 1 Ph. Ev., 548."

Again in *Pack* v. *Thomas,* 13 Smed. & M., 18, our great Chief Justice said: "The rule is very distinctly laid down, that where the law requires a written instrument, or where the parties adopt that mode of contracting, it is a matter of principle and policy to exclude inferior evidence from being used, either as a substitute for, or alteration of the written contract. The operation of an instrument cannot be varied by showing that a different intention existed at the time that it was made. Its legal effect must be preserved, and all contemporaneous expressions or circumstances which tend to vary it, must be excluded, unless established by proof of the same character. 2 Starkie on Ev., 994–1008. Oral evidence is inadmissible to prove that a general acceptance of a bill of exchange was intended to be conditional only. *Heaverin* v. *Donnell,* 7 Smed. & M., 244. It is inadmissible to prove that a promissory note was intended to be payable at a particular time, when no time of payment was expressed, as that would alter its legal effect; or to prove that one who had engaged in writing to become surety on a promissory note, was only to be held liable in case of the insolvency of the principal; *Hunt* v. *Andrews,* 7 Mass., 519; or to show that a note payable at a day certain, was to be payable on a contingency only. 2 Starkie's Ev., 1008. The law presumes, that parties mean what

they have said in writing, and that they have said all that they intended, and it is dangerous to relax the rule which holds them to their written contracts."

It is further held in *Baskerville* v. *Harris*, 41 Miss., 539, by Mr. Justice ELLET: "The verbal understanding at the time of the endorsement that B. was to endorse and be liable for the payment of the note cannot have the effect to change the character and extent of the liability cast upon them by the law, in consequence of the endorsement. When a party endorses a note in blank he undertakes to pay only on certain conditions, which the law defines and annexes to his engagement, and these are not liable to be modified or changed by parol evidence."

In addition to the foregoing the authorities elsewhere with one accord declare these principles. See especially *Land Co.* v. *Dance*, 98 Va., 245; *Bank* v. *Walton*, 96 Va., 435; *Woodward* v. *Foster*, 18 Gratt., 200; *Martin* v. *Lewis*, 30 Gratt., 672; *Bank* v. *Dunn*, 6 Pet., 214; *Porter* v. *Company*, 78 Minn., 214; *Bank* v. *Altura, etc., Co.*, 129 Cal., 267; *Burns* v. *Doyle*, 71 Vonn., 745; *Halbach* v. *Trester*, 102 Wis., 532; *Foley* v. *Brewing Co.*, 61 N. J. L., 431; *Bank* v. *Rivers*, 166 Ala., 14; *Gumz* v. *Giegling*, 108 Mich., 295; *Smith* v. *Brabham*, 48 S. C., 340; *Martin* v. *Cole*, 104 U. S., 30; *Bank* v. *Connerly*, 7 Gray (Mass.,) 220, (Bigelow, J.); *Slack* v. *Beach*, 74 Ind.

But assume that there was such a power in this court as could set aside the solemn contract in writing of the parties, what is there in this plea which was presented. It was presented at the end of the trial after the case had been argued and after the judge had made up his mind—there must be an end somewhere and to permit or not a plea to be filed is always a matter of discretion—it is only a gross abuse of it that will be reversed, for in this court—this was not an amendment but an entirely new defense which this appellant attempted to bring in after the trial was completed, the time when he could plead as of right had expired, and the court did not err in refusing to allow an additional plea to be then filed when both sides had rested and the

case had been submitted to the court and just when the court was about to decide it upon its merits. There would have been a flood of new evidence to meet the new issue, and there must be a time when courts have a right to say that each party has had his day in court, and it was not proper to allow this filed, and the discretion being vested with reference thereto in the judge, this discretion cannot be reviewed in this court for as correctly said in 21 Enc. Pl. & Pr., 688, "Apart from the necessity of acting within its jurisdiction, the granting or refusing of further time to plead, or the allowing of a pleading to be filed out of time, or denial of that privilege, is a matter largely in the discretion of the court, and the privilege may be allowed or withheld as the circumstances of the case and justice may require, and cannot be controlled on appeal unless it has been exercised with palpable prejudice and injustice."

And it must be a meritorious defense as contradistinguished from a mere technical one that will be allowed to be made. 30 Cent. Dig. 2142.

As held in *Hoot* v. *Spade,* 20 Ind., 326, where the jury has been sworn, and a part of the evidence heard, it is too late for a party to amend by adding a new defense to be examined and disposed of in the pending trial.

In *Garton* v. *Cannada,* 39 Mo., 357, it was determined that after a cause had been tried, submitted to the court, that the defendant would not be permitted to file an amended answer, introducing new matter to the prejudice of the right of the other party. No material amendment can be allowed after the cause is submitted to the jury. *Holcroft* v. *King,* 25 Ind., 352; *Reynolds* v. *Quattlebrum,* 2 S. C., 140; *Ridgely* v. *Dobson,* 3 Watts & S. 118.

This would be the law if there was any merit in the matter, but in addition to the plea being not meritorious, and being offered too late, it was palpably insufficient and in direct conflict with at least three decisions of this court—the right was in the appellee to take judgment against Johnson alone even though he

was surety,. and dismiss the suit as against Bacon—provided only they were joint makers of the obligation.

Learned counsel for the appellant doubtless overlooked the controlling case of *Pool* v. *Hill,* 44 Miss., 311, wherein Justice SIMRALL said:

"Nor is the matter of the first plea improved by the averments of the second, that the suit was dismissed as to Vaughan, the principal. The plaintiff may dismiss his suit as to one maker of a note, although he may be principal, and take judgment against the other makers. *Wilkinson* v. *Flower,* 37 Miss., 580 ; *Crump* v. *Wooten,* 41 Miss., 613."

In *Moore* v. *Knox,* 46 Miss., 605, wherein the same learned justice thus emasculates the contention of the appellant: "The defendant declining to make further defense, final judgment was rendered. Nor was it error to dismiss as to Mahala Moore, and take judgment against the plaintiff in error. Both defendants were makers of the note. * * * If all the defendants are joint makers, however, it is not erroneous to dismiss as to one, although he may be the principal, and take judgment against the other, who may be the surety. This was declared in the first case above cited, and rests upon the idea that both are bound to the plaintiff equally, jointly and severally. *Pool* v. *Hill,* 44 Miss., 311."

In addition to this we had an express contract that rendered these parties jointly and severally directly liable, and this being our contract right, this defense is wholly puerile.

Consider the pretended plea and it attempts to defeat liability because it says that Bacon died and that letters of administration were granted to Bright upon the 14th day of November, 1906, and that plaintiff has failed to prove his note against the estate within twelve months "from the time of the issuance of letters of administration" and thereby the estate is discharged. Now the answers to this are manifold:

(1) It is not true upon the face of the record for it appears that this very note was based upon a judgment for the exact

amount thereof, and that the note was the basis of the suit and that the debt—the obligation that formed the basis of the suit was identical and while it appeared in two forms, namely, the note and the judgment, still there was but one obligation, and one payment would discharge them both. After the judgment had been paid, the amount thereof would be exactly the same amount as would be under the note and there would then be no consideration whereupon to base the note as the obligation would be extinguished. At most the two are but different forms of the same debt—the claim was presented within the meaning of the statute unless it shall be established that when a debt or obligation has two several evidences—two forms that probating in one of them is not sufficient. The claim was the same and there existed the liability to pay it but once and it is wholly wrong, apparent upon the face of the record to say that by not probating the claim it was barred. The claim was probated and it would be sued upon as against the estate if that were the only thing that was probated, but it was not. The note was attached to the judgment and the entire transaction embracing both the judgment and note were presented to the clerk, and an order made allowing them for an amount that was the amount of the claim. The exhibits made a part to the probate would control the averments of the pleader, and as there was a probate for the full amount and under this the appellee could recover this of Bright, Administrator, what is the use of making this technical point, it does not matter, it could be in no wise detrimental whether Bright paid the note or the judgment—we contend that the claim was probated and there mere form will not be allowed to control a matter of substance. It will be seen that it is not true that the estate of Bacon was discharged—the claim was probated and that being true, the estate is liable upon that claim. It does not appear that the estate of Bacon was solvent—that it would have done any good to probate it even, and that by failing so to do any detriment would have been incurred. This was an essential averment.

But (2). There is no averment that shows when the publication for creditors was made—when there was a command to them to come in and probate their claim. That publication, for aught that appears in the plea, may not have been made, yet it was essential that this fundamental fact should be made to appear—that was that which predicated the liability upon the part of the appellee to probate the claim. The granting of letters had nothing on earth to do with the matter and this attempt to escape under this metaphysical stunt is an afterthought when all of the defense had failed and it was requisite that if it presented and embodied a good defense that this should be made to appear, and we challenge counsel to show any place in this record where there was any publication made requiring those who had claims against the estate of Bacon to come in and probate them, and if they did not that they would be barred.

WHITFIELD, C. J., delivered the opinion of the court.

It very clearly appears, we think, from the testimony, that Johnson signed as a surety only. It also appears that the judgment obtained by the appellee against W. O. Bacon was probated, but that the note given by Bacon and Johnson to secure an extension of time for Bacon within which to pay the judgment was not probated. The declaration had averred that the note was probated. The administrator of Bacon, who had died before suit, filed no plea and made no defense at first, because as he says, he supposed the allegation of the declaration to be true, and did not care to put the estate to the expense of paying costs and an attorney's fee. When, in the progress of the trial, it appeared from the plaintiff's own testimony that the note had not been probated, the administrator asked leave to file a plea setting up the failure to probate the note within the time allowed by law as a discharge of the principal debtor, Bacon. In this motion asking leave, Bright, the administrator, stated that his reason for not having filed a plea was that the declaration of the plaintiff stated that the note had been duly probated, that

said note and probate thereof were in the hands of the plaintiff and controlled by him, and that the administrator, relying upon the truthfulness of that statement, in order to save expense of an attorney's fee, etc., to the estate, had not filed any defense, and that the administrator did not know, until the plaintiff by his own evidence showed that said note had not been probated, that such was the fact; and the administrator, further in support of his motion, stated that the plaintiff had introduced all of his evidence and rested, and had not asked for a judgment by default against him, the administrator, and that the plaintiff's rights could not be prejudiced by allowing the administrator's plea to be filed, since he offered, after this plea had been filed, to allow all the evidence theretofore introduced to be considered by the jury. At the same time the defendant Johnson moved the court to be permitted to file a special plea setting up the defense that the note sued on was signed by him as surety, and that the plaintiff knew at the time of the execution of the note sued on that defendant and said Bacon were not primarily liable, and knew, further, that Johnson only signed said note as surety for said Bacon, and that said note had not been duly probated. When these motions were presented to the circuit court, this statement was made by the court: "The foregoing motions were made after all the evidence had been introduced, and both sides had rested, and after both the plaintiff and the defendant Johnson had requested the court to grant each a peremptory instruction, and the same had been fully argued, but before the court had announced his decision in the matter." Thereupon the court overruled both the motions, and judgment by default followed against the administrator, and a judgment against the defendant Johnson upon a peremptory instruction from the court.

We think the court erred in not sustaining these motions. The statement quoted shows that the ground for not allowing the motions was the lateness of the time at which they were presented; but we think that no prejudice could have occurred to

the plaintiff by reason of sustaining the motions, and the merits of the case required that they should be sustained. In the case of *Cheairs' Ex'rs* v. *Cheairs' Adm'rs,* 81 Miss., 662, it was held that the provisions of the probate law must be strictly followed in the making of the probate. Annotated Code 1892, § 1933, was the section that both parties manifestly understood should be invoked, which is as follows:

"All claims against the estate of a deceased person, whether due or not, shall be registered, probated, and allowed, in the court in which the letters testamentary or of administration were granted, within one year after the first publication of notice to creditors to present their claims; otherwise the same shall be barred, and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor or administrator."

This suit could not possibly, under that statute, be maintained since the note itself had not been probated. This case is not one to be controlled by the ordinary doctrine that mere non-action on the part of a creditor, whereby the debt is barred as against the principal, will not release the surety, as set forth in *Johnson* v. *Planters' Bank,* 4 Smed. & M., 165, 43 Am. Dec. 480, for the reason that this case is regulated by the peremptory and positive provision of the statute, and not by the general rule announced in *Johnson* v. *Planters' Bnak.*

The judgment must necessarily be reversed as to the administrator, Bright, for the reason given—the failure to probate the note within the time required by law. But counsel for appellee insist that, under Code 1906, § 4944, no reversal should follow as to Johnson because of a reversal as to the administrator. That section is as follows:

"In all cases, civil and criminal, a judgment or decree appealed from may be affirmed as to some of the appellants and be reversed as to others; and one of several appellants shall not be entitled to a judgment of reversal because of an error in the judgment or decree against another, not affecting his rights in

the case. And when a judgment or decree shall be affirmed as to some of the appellants and be reversed as to others, the case shall thereafter be proceeded with, so far as necessary, as if separate suits had been begun and prosecuted; and execution of the judgment of affirmance may be had accordingly. Costs may be adjudged in such cases as the supreme court shall deem proper."

But the exception is stated in the section itself, and that is that one of several appellants may be entitled to a judgment of reversal because of an error in the judgment or decree against another, where that judgment affects his rights in the case. Clearly, here, the error in the judgment as to Bright directly affects the right of Johnson in the case, since the judgment against Bright is reversed because of the failure to probate the note, which entirely releases the principal debtor.

But there is another reason supporting a reversal as to Johnson, which is this: Johnson offered to prove, and asked to be permitted to prove, under the special plea he desired to file, that the creditor knew he was not primarily liable and had full knowledge of the fact that he signed as a mere surety. On this point this court said in *Meggett* v. *Baum,* 57 Miss., 22: "It is the knowledge of the creditor that the several parties sustain to each other the relation of principal and surety, which makes it inequitable for him to so act towards the principal as to vary the rights of the real surety. It is, therefore, not the form of the instrument by which parties have bound themselves, but the fact that one is principal and the other surety, as between themselves and that this is known to the creditor." Under this authority, as applied to what Johnson offered to prove under the special plea which he asked leave to file, it is clear that he should have been permitted to have the proposed plea filed, and that it constituted, if sustained by evidence, a perfect defense for Johnson.

It follows that the judgment must be reversed as to both Bright and Johnson, and the cause remanded.

*Reversed.*

ON SUGGESTION OF ERROR.

PER CURIAM.   Suggestion of error overruled.

CALHOON, J., delivered the following dissenting opinion.

I dissent from the overruling of the suggestion of error, and think the court went wrong in the original case in relieving the surety because the payee did not probate the note against the principal signer.