W. T. JOHNSON *v.* SUCCESS BRICK MACHINERY CO.

[61 South. 178—62 South. 4.]

1. APPEAL AND ERROR.   *Law of case.   Principal and surety.   Failure to sue principal.   Recovery against surety.*

The principles controlling the doctrine of "the law of the case" are more binding upon courts than the law of precedent, and a decision on a question of law decided on a former appeal of the same case will be adhered to on a subsequent appeal, though erroneous.

2. PRINCIPAL AND SURETY.   *Recovery against surety.   Failure to probate note.*

The mere failure of a payee in a promissory note to probate it against the estate of a principal maker and thus permitting it to become barred as against the estate of the deceased debtor, does not prevent recovery against the surety on the note.

ON SUGGESTION OF ERROR.

1. PRINCIPAL AND SURETY.   *Claim against estate.   Failure to probate.   Discharge of surety.*

While the failure to probate a claim against the estate of a deceased person bars the right of recovery from the estate, such failure does

not discharge a living surety, unless the failure to probate occurred after the surety has demanded of the creditor that he probate his claim.

2. Appeal and Error. *Law of case. Decision on former appeal.*

If the record on the second appeal to the supreme court is substantially the same as the record on the first appeal the court will adhere to its opinion on the first appeal, however wrong it may believe its opinion was in the first instance.

3. Motions. *Rulings. Reopening. Discretion.*

Where a matter has been duly considered and decided by the court on a motion or application in that behalf, such as a motion to dismiss the suit, or to quash an information, or for leave to amend a pleading, or to cancel a notice, the defeated party has no absolute right to renew the same contention and obtain another hearing on some different form of application or plea, but if the court doubts the correctness of its former ruling or desire a more thorough investigation of the question, it may permit the same question to be reopened in another form.

Appeal from the circuit court of Leflore county.
Hon. J. M. Cashin, Judge.

Suit by the Success Brick Machine Company against W. T. Johnson and another. From a judgment for plaintiff, defendant appeals.

On a former appeal this case was reversed and remanded for a new trial. See *Johnson v. Success Brick, etc., Company,* 93 Miss. 169, 46 South. 957. The report of the former case contains a complete statement of the facts. When the case was remanded to the lower court, an amended declaration was filed setting up all the facts upon which suit was based. To this declaration, Bright, the administrator of Bacon, filed no plea; but defendant Johnson filed a plea, in which he alleged that he signed the note with Bacon as surety only, which fact was known to the plaintiff, and that publication to Bacon's creditors was duly made, as required by law, by the administrator, and that plaintiff had failed and refused to probate and register its claim within one year from publication, and that, as a result of such failure, its claim had become

barred and the estate discharged wherefore defendant Johnson as surety was released from obligation on said note. A demurrer was interposed by plaintiff, in which it is averred that plaintiff was not required to probate the note sued on against the estate of Bacon in order to preserve its right of action against Johnson, and that the defendant in his plea does not aver that he gave plaintiff notice to probate the note against the estate of Bacon. This demurrer was sustained, and defendant Johnson elected to stand on his plea and withdrew all other pleas and declined to plead further. The trial resulted in a judgment for plaintiff for the sum sued for. Defendant Johnson alone appealed. The administrator did not appeal.

There are two questions presented for decision: First, does the failure of a creditor to probate his claim against the estate of a decedent discharge the surety when it is not shown that the surety gave notice to the crediors to probate his claim and the creditor refused to do so? Second, when he case was remanded on the former trial, did the trial judge err in sustaining plaintiff's demurrer to defendant's special plea, or should he have followed the "law of the case," as announced in the former decision?

*Gardner & Whittington* and *Whitfield & McNeil,* for appellant.

Counsel on both sides filed extended briefs too long for publication.

Argued orally by *A. H. Whitfield, for appellant* and *Tim E. Cooper,* for appellee.

COOK, J., delivered the opinion of the court.

This case has been appealed to this court before, and the decision will be found in 93 Miss. 169, 46 South. 957. Counsel for appellee has convinced us that the former decision was entirely wrong, but he has failed to convince

us that the court then did not decide the precise point now presented for decision.

The principles controlling the doctrine of "the law of the case," we think, are necessarily more binding upon the courts than the law of precedent. If the trial court is permitted to ignore the decision of a case by the appellate court when it is reversed for a retrial according to the law as interpreted by the appellate court, the rights of litigants can never be finally determined. It is of the greatest importance that litigation shall have some finality. It is infinitely better that a case be wrongly decided than to never decide it.

It is impossible to distinguish what this court decided before from what we are now called upon to decide upon this appeal.

The dissenting opinion of Judge CALHOON interprets the opinion of the court, if, indeed, it required any interpretation. We think it is perfectly clear in its wrongness. In so far as the decision in 93 Miss. 169, 46 South. 957, holds that the mere failure of a payee in a promissory note to probate it against the estate of the principal maker and permitted it thus to become barred as against the estate of the deceased debtor, he cannot recover against a mere surety on the note, the decision is expressly overruled; nevertheless, this case is reversed and remanded, to be proceeded with by the trial court in accordance with the rules announced in the former opinion.

### OPINION ON SUGGESTION OF ERROR.

COOK, J. At a former day of this term this case was, in a memorandum prepared by the writer, reversed. 61 South. 178. It is before the court again on suggestion of error filed by appellees.

When this case was originally before the court, the administrator of the estate of W. O. Bacon, deceased, as well as the surety on the note then the subject of controversy, were the appellants, and the judgment of the trial court

was then reversed, because of the trial court's refusal
to permit Mr. Johnson, the surety, and the administrator,
to file certain pleas. *Johnson* et al, v. *Success Co.*, 93 Miss.
169, 46 South. 957.   The appeal now is by the surety, W.
T. Johnson, alone; the administrator having submitted to
the judgment rendered against him.

As we understood the decision in the first appeal, when
the judgment was reversed at this term, we were of opin-
ion that the first decision was wrong, yet, as the case now
presented was, in our opinion, precisely the same case
presented to the court in the original appeal we were
bound by the rulings announced upon the first appeal,
however wrong the court may have been in its former con-
clusions.   When the case was returned to the circuit court,
the declaration was amended, and the case was retried,
resulting in a verdict for plaintiff there, appellee here.
This judgment was reversed at this term, as stated, and
this suggestion of error challenges the soundness of the
conclusion then announced.

It will be observed that the precise point before the
court in 93 Miss. 169, 46 South. 957, was the refusal of the
trial court to permit the administrator of the deceased
principal in a promissory note to plead, on account of the
lateness of his application for this privilege.   The court
held that the trial court erred in refusing the administra-
tor this right, and we think this court was correct in this
ruling.   In its discussion of the case the court probably
went further, and inferentially held that the plea offered
for filing was a sufficient statement of a legal defense, and
that the refusal to permit it to be filed, not only deprived
the administrator of a legal defense seasonably inter-
posed, but also that the discharge of the estate of the de-
ceased necessarily discharged the surety on the note.

In this we thought before, and still think, the court was
wrong.   The matter set out in the plea of the surety, if
proven, would not have afforded a good defense for the
administrator.   Even if the statute had been technically

and precisely pleaded and proven, it would have released the estate; but, according to a long and unbroken line of decisions of this court, while failure to probate a claim against the estate of a deceased person bars the right of recovery from the estate, it is equally as well settled that such failure does not discharge a living surety, unless the failure to probate occurred after the surety has demanded of the creditor that he probate his claim. *Kerr* v. *Brandon,* 2 How. 910; *Johnson* v. *Planters' Bank,* 4 Smedes & M. 165, 43 Am. Dec. 480; *Cohea* v. *Sinking Fund,* 7 Smedes & M. 437, and many others. Re-examination of the record, as it now stands, discloses that before the case was retried the pleadings were amended by both parties. The original suit was predicated on an unprobated promissory note, while the amended declaration sets out in detail the facts, which, briefly stated, are as follows:

A judgment was obtained for nine hundred dollars by appellee against W. O. Bacon, now deceased, and against appellant, the surety on his bond for the forthcoming of certain personal property seized in said suit. After the rendition of the judgment, in order to obtain time, the note for nine hundred dollars mentioned in this suit was executed by said Bacon and appellant. After the death of Bacon the judgment was probated against his estate, but the note was not. The judgment and the note are for the same amount, and both represent the original indebtedness of Bacon to appellee. To this declaration appellant filed a plea, averring appellee had failed and refused to probate and register its claim against the estate of Bacon, deceased, within one year from the first publication of notice to creditors to probate their claims.

Appellee demurred to this plea upon two grounds: (1) That the plaintiff was not required by law to probate the note sued on against the estate of W. O. Bacon, in order to preserve its right of action against the defendant, W. T. Johnson. (2) The said defendant does not by said plea aver that he gave notice to the plaintiff to probate the

said note against the estate of W. O. Bacon.  This demurrer was sustained, whereupon appellant elected to stand upon his plea and refused to plead further.  The court then, upon motion of plaintiff, directed a verdict against appellant.  The issue between the plaintiff and the administrator of W. O. Bacon then proceeded to trial before the jury, resulting in a verdict and judgment against the administrator, from which judgment no appeal was prosecuted by the administrator.

We do not believe it to be necesary or profitable to go into all the minor details of this controversy, or to notice all the arguments made by counsel; it being only necessary to state the facts as far as they bear upon the issue presented for our decision, and then to announce our decision.  If the decision of the court upon the original appeal was made upon a record which, in all substantial particulars, was the same as now before us, we must decide now, as we decided then, however wrong we may believe the court was in the first instance.  This is the law, and we do not question its wisdom; nor do we wish to evade the rules in order to right a real or imaginary wrong.  To properly apply the rule, it is necessary to understand the record before the court when the decision was made, and then to ascertain exactly what the court did decide.

It will be noted that the original declaration declared merely upon a promissory note—an ordinary suit upon a note—averring merely the execution of the note for an existing indebtedness, and demanding judgment for the amount for which the note was given.  The administrator, after the evidence was closed, offered to plead a failure to probate the note, and the trial court denied him this right, because his application came too late.  Before this time the administrator had not pleaded at all.  This ruling of the trial court was condemned by this court, and the case was reversed.  Appellant, the alleged surety, also offered a plea to the same effect, and we do not deem it necessary to now question the technical accuracy of the plea ten-

dered by him. The court, for the same reason, refused to permit the filing of this plea. Both the administrator and appellant appealed. The court reversed the trial court, saying: "The judgment must necessarily be reversed as to the administrator, Bright, for the reasons given— the failure to probate the note within the time required by law."

It was insisted that the case should not be reversed as to Johnson, but this contention was overruled. Two reasons were given for this ruling: (1) "The failure to probate the note, which entirely releases the principal." (2) Because Johnson offered to prove that he was a mere surety on the note. It nowhere appears from the record just what plea the administrator desired to file, except, we think, it must be assumed that his plea would set out facts sufficient to show that the claim—the note— had not been probated against the estate of his decedent. It does not appear what defense Johnson interposed— his plea was of record. Certain it was not the intention of the court to decide that the plea filed stated precisely and accurately a legal defense. The case having been reversed as to the administrator, and Johnson claiming that he was merely a surety, and could not be compelled to pay the judgment, if his principal was to be released, the court decided to reverse as to both, for the purpose of permitting each to make his proper defenses. This seems to have been the correct thing to do, and this was exactly what was done.

It must be confessed that the language employed in the opinion, literally interpreted, committed the court to the holding that a release of the principal debtor, because of a mere failure to probate the note, *ipso facto,* released the surety. The court in its opinion cited *Meggett* v. *Baum,* 57 Miss. 22, to support the second reason given for reversing the case as to Johnson. This case has not the remotest relation to the release of a surety on a note, because the note was not probated against the estate of the

principal debtor.  In the third paragraph from the top of page 182, 93 Miss., 46 South. 958, the court refers to the "peremptory and positive provision of the statute." Just what statute was referred to does not appear.  We think the court had in mind the statute barring all claims against the estate of deceased persons not probated within one year after the first publication of creditors to present their claims; but we do not construe the language to mean that a mere failure to probate relieved sureties, but that a failure to probate, coupled with a request to probate by the surety, would release the surety.

It must be borne in mind, in construing the opinion, that the case was properly reversed as to the administrator, construing the record in the most precise and critical way, and what was said about the release of the surety was merely to afford a retrial of the case upon its merits. Reading Johnson's plea demonstrates that he did not plead any statute in the books; but he made a stagger at section 2107 of the Code of 1906, and the court merely reversed the case for a recast of the pleadings and a retrial of the case upon its merits.  The form of the plea to be filed by the administrator was not considered.  It was not necessary to consider it, as the issue could have been raised merely by filing the general issue.  Section 2097, Code of 1906.

If the case was to be reversed to permit the representative of the principal debtor to bar a recovery against the estate, it was but just for the surety to have the benefit of the bar, if he could show that he, too, was released by bringing himself within the rule discharging sureties.  It is clear that Johnson's counsel did not interpret the opinion to mean what appellant contends it means, because he did not file the same plea at the second trial, nor did he file a plea valid in law.  We think this is a proper construction of the opinion; but in this, it must be confessed, there is room for doubt.  We think it cannot be said that the construction is clearly wrong.  Unless this construc-

104 Miss. 15

tion is clearly wrong, this case should not be reversed. *Neville* v. *Ihrie*, 60 South. 578.

The decision rendered on the former appeal was upon a motion to allow the filing of a plea. "When the legal effect of a given transaction or state of facts, affecting in some way the rights of the parties or the further proceedings in the cause, has been duly considered and decided by the court on a motion or aplication in that behalf—such as a motion to dismiss the suit, or to quash an information, or for leave to amend a pleading, or to cancel a notice—the defeated party has no absolute right to renew the same contention and obtain another hearing on some different form of application or plea, and to refuse his demand is not error for which the judgment should be reversed. But, at the same time, if the court doubts the correctness of its former ruling, or desires a more thorough investigation of the question involved, it is no abuse of its discretion to permit the same question to be reopened in another form." Black's Judicial Precedents, section 86, page 280. In the memorandum opinion reversing this appeal, we condemned the former decision as "clear in its wrongness," and we think now that we gave to the decision broader meaning than is warranted.

Again, we think the case now before us is a different case, and, if the former opinion may be interpreted to mean what appellant contends it does mean, we think it is clearly wrong, and is not the law of the case as made by the record now before this court for review. This record shows that upon a retrial of the case the principal debtor was not released. A judgment as entered against the administrator, and he does not complain. Upon the original appeal, the administrator was given an opportunity to plead a discharge of his estate, and, if it was held that a discharge of the estate would automatically discharge a surety, this may be granted; but the result was that the estate was not discharged, so the reason for reversing as

to the surety does not now exist, and, as we can find no other reason for reversal the suggestion of error is sustained, and the judgment affirmed.

*Suggestion of error sustained.*

*Judgment affirmed.*