[Holley v. The State.]

# Holley *v.* The State.

## *Shooting Across Public Road.*

(Decided November 18, 1913.   63 South. 738.)

1. *Weapons; Shooting Across Highway.*—Section 7727, Code 1907, does not require that the shooting shall be across the whole of the road in order for a conviction; hence, where the defendant was sitting in the rear end of a wagon which was travelling along the center of the public highway, and fired his gun only across a part of the way, he committed the offense denounced by the statute.

2. *Criminal Law; Limitation of Action.*—The indictment was for shooting across the public road, was returned in November, 1912, and the trial was had in May, 1913.   The only evidence as to when the offense was committed was the testimony of a witness that it was the day of a show in December in Barbour county, but as to what December does not appear.   Held, not sufficient to show that the offense was committed within twelve months before the finding of the indictment, and therefore, insufficient to sustain a conviction.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Buster Holley was convicted of shooting across the public road, and he appeals. · Reversed and remanded.

C. S. McDOWELL. JR., for appellant.   The shooting was not across the public road, but only across part of it, and hence, not violative of section 7727, Code 1907.—*Scott's Case,* 156 Ala. 63.   The evidence was not sufficient to show that the offense was committed within twelve months of the finding of the indictment.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was convicted of the offense prohibited by section 7727 of the Code, which makes it a misdemeanor for any person to "discharge a

gun, or other firearm, along or across any public road." There was no dispute in the evidence, and the court refused the general affirmative charge requested by the defendant, which action of the court, it is insisted here, was error for two reasons:

First. Because the statute mentioned, it is urged, in using the word "across," was intended and should be construed to cover and apply to cases only where the shooting was entirely "across" the public road (that is, from side to side) and not to cases, as here, where the defendant, sitting in the rear end of a wagon which was traveling along the center of such road, fires his gun to one side and consequently across only a part of the road. In the absence of a contrary intent apparent on the face of the statute, we are of opinion that the Legislature intended that the greater (that is, the width of the whole road) should include the lesser (that is, a part of such whole), so that it would be equally criminal to shoot across a part as to shoot across the whole; and we think this construction sustained by the manifest reasons which actuated the passage of the statute (the protection from accidental shooting of the lives and persons of those in or traveling on the public highways, which is likely to result from the discharging of firearms by other people along or across said road or any part of it).—*Scott v. State*, 152 Ala. 65, 44 South. 544. The office of the court is to construe statutes so as to suppress the mischief, to prevent evasion, and to advance and add force to the remedy, according to the true intent of the makers of the act, for the public good; and in doing so the court should not be governed by the literal expressions of the statute but should look to the legislative aim.—*Preist v. State*, 5 Ala. App. 171, 59 South. 318. The fact that no injury resulted from the act in a particular case is im-

material, since the purpose of the statute is to remove the possibility.

Second. It is contended that the court erred in refusing the affirmative charge in that there was no evidence that the offense was committed within 12 months before the finding of the indictment. We think there is merit in this position. The indictment was returned in November, 1912, and the case tried in May, 1913, and the only evidence as to the time when the offense was committed is the statement of the only witness in the case that "it [the shooting] was the day the show was in December in Barbour county." Whether the show referred to was in December, 1912, or in 1911 or 1910, or otherwise, it does not appear. If it was in December, 1912, then it was after the finding of the indictment; if in December, 1910, then it was more than 12 months before the finding of the indictment; and only in case the December referred to was in 1911 would the offense fall within the time covered by the indictment. It would be merely a wild guess to assume that the witness meant December, 1911.

The judgment of conviction is therefore reversed (*Doss v. State,* 7 Ala. App. 121, 61 South. 478), and the cause remanded.

Reversed and remanded.