## McRae v. Hooker.*

(Division A. March 16, 1925. Suggestion of Error Overruled.)

[103 So. 197. No. 24256.]

1. APPEAL AND ERROR. *Holding on former appeal that oral contract was on prices in written list, and not that writing was the contract.*

   Holding on former appeal that contract for purchase of cross-ties at prices given in written price list, if made as testified, was valid notwithstanding the statute of frauds, being governed by the law of another state, *held* not a holding that the writing constituted the contract.

2. SALES. *No evidence of contract to buy other than softwood ties.*

   Evidence in action for price of cross-ties *held* insufficient to authorize finding of contract to purchase other than softwood ties.

*Headnotes 1. Appeal & Error, 4 C. J., section 3267; 2. Sales, 35 Cyc., p. 571.

Appeal from circuit court of Alcorn county.

Hon. C. P. Long, Judge.

.Action by Bill Hooker against F. K. McRae. From a judgment for plaintiff, defendant appeals. Reversed and. remanded.

*W. D. Conn* and *W. C. Sweat,* for appellant.

In this suit plaintiff proceeded on the theory that he had a contract by which defendant was under a legal obligation to take up his ties and pay him for them. Defendant proceeded on the theory that plaintiff had no sort of contract with him; that it was a suit without any sort of foundation in fact, and that he was under no sort of obligation to take these ties up and pay for them. Until this last trial no testimony had ever been given by defendant. The testimony for defendant in the record is very decidedly stronger than that of the plaintiff; but disputed questions of fact have been found by .the jury in favor of plaintiff's contention. In view of the verdict of the jury upon the evidence, being, so stated, so against the great weight of defendant's testimony, it seems to us important that no material errors be made against defendant by the trial court; and, that any 'clear error on the part of the trial court would be construed as material by this court.

The first assignment of error relates to the trial court's construction, or interpretation, of the law of the case as announced in the opinion of this court on a former appeal of this case, as reported in *Hooker* v. *McRae,* 95 So. 744.

, This court did not mean to say, and did not say, that the "price list" was a contract. What was said that the plaintiff had testified that he made an oral contract for the purchase of softwood ties in Tennessee, according to a price list furnished for the purpose; that, ac-

cording to plaintiff's testimony, the agreement was rati-
fied by defendant and that he, upon the exhibition by
plaintiff of the price list, promised and agreed to take
the ties up; and that an oral contract made in Tennessee
for less than five hundred dollars was not in violation of
the statute of frauds.

This court did not say that the price list was the con-
tract, but that the contract was oral for the purchase of
ties according to the written price list. It seems to us
that there is nothing in the opinion to justify the propo-
sition that this court held that the price list was the
"contract." Yet this is the position taken by counsel
for plaintiff in the trial court, and in this the trial court
agreed with him.

*E. B. Mitchell*, for appellee.

This is a Tennessee contract and is governed by the
laws of the state of Tennessee, and under the statute of
fraud of the State of Tennessee this contract is not with-
in the statute. Chapter 118, Public Acts of Tennessee
of the year 1919. The testimony of the appellee and his
witness was practically the same in the trial of this case
at this term of court as it was at the former trial of this
case. The supreme court speaking through Judge Eth-
ridge after giving the evidence in the case and the law
applicable to the case said, "We think, if the plaintiff's
evidence is true that he was entitled to recover." *Hooker
v. McRae*, 95 So. 744.

Counsel for appellant states that the first assignment
of errors relates to the trial court's construction or in-
terpretation of the law of the case as announced in the
opinion of the court on a former appeal of this case, as
reported in *Hooker v. McRae, supra*.

I fail to find where the court said in direct or indirect
words that the supreme court had held the price list
was a contract. The only thing the court says is that,
whether this was just a price list or not that proposition

was settled by the supreme court. This may refer to the price list or this may refer to the contract which includes the price list, and if this refers to the contract which includes the price list, the supreme court has settled that it was a contract upon which the appellee should recover.

*W. D. Conn* and *W. C. Sweat,* in reply, for appellant.

We think that the whole trial was predicated by the trial court upon a fatal misconception of the meaning of the opinion of this court on the first appeal of this case, reported in 95 So. 744.

Counsel for appellee says he fails to find where the trial court said, either directly or indirectly, that the trial court had said that the price list was a contract. We do not see how the court could have made his position plainer than he did, but if there is any doubt about the proposition, it is made absolutely clear by what is shown on page 31 of the record. In his argument to the jury, appellee's counsel said that the supreme court had held that this piece of paper, referring to the exhibit to Hooker's testimony, "was a good contract." Counsel for appellant having interposed an objection to the argument, Hooker's counsel appealed to the court and asked him if he did not say so, and the court stated from the bench that the supreme court said it was a good contract. Nothing could be plainer than this, and we insist again that this was fatal error.

Cook, J., delivered the opinion of the court.

The appellee instituted this suit against the appellant, seeking to recover the sum of one hundred forty-five dollars and eighty-five cents for certain cross-ties sold by him to the appellant, and from a judgment in his favor for one hundred twenty-six dollars and fifty-five cents this appeal was prosecuted.

This is the second time this cause has been before this court, and the testimony for the plaintiff in this record is substantially the same as that in the former record, and as set out in the former opinion, which is reported in 131 Miss. 899, 95 So. 744, and consequently we will not again set out the plaintiff's version of the contract. The judgment from which the former appeal was prosecuted was entered in pursuance of a peremptory instruction granted to the defendant at the conclusion of the plaintiff's evidence, and on appeal this court held that the contract testified to by plaintiff was governed by the laws of the state of Tennessee, and that under the statute of frauds of that state an oral contract for less than five hundred dollars was good; and that "if the plaintiff's evidence was true, he was entitled to recover, and that a peremptory instruction was error."

At the last trial of the case in the circuit court the plaintiff and his witness testified that C. C. McRae, a brother of appellant, came to plaintiff's store at Guys, Tenn., and told him he wanted him to buy softwood crossties for him, and place them on the right of way of the Mobile & Ohio Railroad Company at Guys; that the plaintiff agreed to this and asked for the prices; and that McRae replied, "All right, I will give you a contract to buy for me, and the specifications," and that McRae thereupon handed him a paper containing specifications and prices of various kinds of ties, this price list being signed McRae Lumber Company, by C. C. McRae.

In the development of the defendant's theory of the case, the court below controlled the introduction of testimony upon the theory that this court had held in the former opinion that this price list constituted the contract between the parties, and during the argument of the cause to the jury, at the request of plaintiff's counsel, and over the objection of defendant's counsel, the court told the jury that this court had held that this price list was the contract and was a good contract.

This was a misconception of the former opinion of this court. It seems to us to be perfectly manifest that the

court did not intend to hold, and did not hold, that the price list was the entire contract. If it had so held, the question of whether the contract was governed by the laws of the state of Tennessee or the state of Mississippi, and the applicability of the statute of frauds, would have been of no consequence, and from the discussion of these questions it seems clear that the court treated the contract as an oral one, and having reached that conclusion, and that the contract, if any, was not invalid by reason of the statute of frauds, it simply held that plaintiff's evidence was sufficient to require the submission of the cause to the jury.

The plaintiff and his only witness both testified positively that McRae expressed a willingness to purchase softwood ties only. The defendant's testimony developed the uncontroverted fact that the price list furnished the plaintiff, as well as the account sued on, covered both softwood and hardwood ties. The court refused to charge the jury that it could not find for the plaintiff for any ties except those that were of softwood, but granted an instruction to the effect that the jury should find for the plaintiff for the softwood ties only, provided they believed from the evidence there was a contract between plaintiff and defendant, and that such contract was for softwood ties only. We do not think there is any testimony in this record which would authorize the jury to find that there was any contract for the purchase of hardwood ties, and that the recovery, if any, should have been limited to the softwood ties sued for.

For the errors herein indicated, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*