TRAVELLERS' INS. CO. v. INMAN.

(Division A. Nov. 30, 1931. Suggestion of Error Overruled April 17, 1933.)

[138 So. 339. No. 29630.]

Brandon & Brandon, of Natchez, for appellant.

**Jones & Stockett,** of Woodville, for appellee.

Argued orally by **G. H. Brandon**, for appellant, and by **James Stockett**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee, Bennie Inman, filed this suit by way of an attachment in chancery against his employers, Tibbetts & Tibbetts, nonresidents of this state, and Ben Morris, his fellow servant, for damages for personal injuries alleged to have been sustained as a proximate result of the joint negligence of said defendants, and joined as a defendant the appellant, insurance company, averring that it was indebted to the said nonresident employers. The appellant answered the bill of complaint denying any indebtedness to the principal defendants, and introduced into the record an insurance policy whereby it undertook to insure the principal defendants against any loss or damage actually sustained by the said insured by reason of injury to an employee, claiming that thereunder its liability was only that of indemnity to the insured, and that in no event was there any actual enforceable liability against it until there had been a definitely ascertained and legally fixed liability against the employers, evidenced by a legal judgment against them in favor of the employee. Upon the final hearing of the cause upon the issues then presented by the pleadings, there was a decree against the said insurance company for four thousand dollars as damages sustained by the complainant, Inman, as a result of his injuries, and from that decree the insurance company appealed to this court.

In the opinion of the court rendered on that appeal it was held that, in an attachment in chancery, the alleged indebtedness of a party defendant to a nonresident principal defendant, which is made the basis of jurisdiction in the chancery court, must be an indebtedness owing in praesenti to the nonresident principal defendant, and must be of such nature that at the time suit is filed the principal defendant can enforce the debt against the debtor in a court of competent jurisdiction without regard to, and independent of, the complainant's suit or cause of

action against the principal defendant, and that a person "cannot be made a party as debtor to a principal defendant when the fact vel non of his indebtedness is dependent on whether the principal defendant shall be adjudged to be indebted to complainant, which adjudication necessarily must come after filing of the suit," and the decree of the court below was reversed and the bill dismissed as to the insurance company, and the principal defendant. On suggestion of error the court recognized that, under the decisions of the Supreme Court of Louisiana, construing section 23 of the Louisiana Workmen's Compensation Law (Act No. 85 of 1926), "there is a direct obligation from the insurance company insuring employers . . . under said act," and that "the insurance company, in such case, may be sued directly by the employee," and sustained the suggestion of error to the original opinion in so far as it ordered the final dismissal of the suit, and ordered that "on a remand of the cause to the court below, the proceedings may be amended as the parties may be advised is necessary, the cause tried and a personal judgment rendered, if proper, against the Travellers' Insurance Company." The opinions rendered on the former appeal, both on the merits and on the suggestion of error, are reported in 157 Miss. 810 to 822, 126 So. 399, 128 So. 877, and reference is here made to these opinions for a further and full statement of the pleadings and issues involved and decided on that appeal.

Throughout the former trial on the merits in the court below and upon appeal here, the appellee asserted no direct or primary liability against the appellant, but proceeded on the theory that it was indebted to the principal defendant, and this will appear from the brief of counsel for the appellee, wherein it is stated that "the appellant was named defendant under the statutes in such cases for the purposes of binding in its hands any indebtedness it might owe to the non-resident defendants, Tibbetts & Tibbetts," and that, "as we conceive the case, both here and in the lower court, there is one

question only to be resolved, Was and is the appellant indebted to the nonresident defendant? But upon remand of the cause the appellee filed an amended bill of complaint against the appellant herein, to which his employers, Tibbetts & Tibbetts, were not parties defendant, asserting a direct liability of the appellant to him under the Louisiana Workmen's Compensation Act, and basing his right of recovery solely upon that act. To this amended bill the appellant filed an answer setting up numerous defenses, and including therein a general demurrer and numerous special demurrers, alleging as the grounds thereof, among others, that the appellee was not entitled to recover against it under the Louisiana Workmen's Compensation Act, because the amended bill sets up a new and different cause of action against it from that originally brought, and that it was then barred by the one-year statute of limitations provided in said Louisiana Workmen's Compensation Act. There were also included in the answer numerous special pleas in bar of the action, among others, being one setting up that the cause of action alleged in the amended bill of complaint, if any existed, accrued to the complainant more than one year before the filing of the amended bill, and was therefore barred by the one-year statute of limitations provided in the Louisiana Workmen's Compensation Act, and that under said act the complainant was then barred from having or maintaining the action sought to be enforced. Upon the hearing of the cause the court entered a decree, in accordance with the provisions of the Louisiana Workmen's Compensation Act, against the defendant insurance company, for the maximum amount allowable under said act to the date of the decree, and provided for further payments to be made under the provisions of said act for the full number of weeks allowable thereunder. From that decree the defendant insurance company prosecuted this appeal.

In support of the decree of the court below, the appellee seized upon the intimation in the opinion rendered on the former appeal in disposing of the suggestion of error filed therein that there was liability for the injury to

the complainant against the defendant insurance company under the Louisiana Workmen's Compensation Act, as the law of the case, and controlling upon all issues presented by this appeal. The rule of "the law of the case" can have no application to the issues presented by this appeal. This rule is limited to those questions, which were presented to the court on the first appeal, and is applicable on a second appeal only when the questions are again presented upon the same pleadings and facts; and, where there are material changes in the pleadings and facts, the principles of law announced on the first appeal are not applicable. Johnson v. Success Brick Machinery Co., 104 Miss. 217-220, 61 So. 178, 62 So. 4; Bates v. Strickland et al., 139 Miss. 636, 103 So. 432; Haines v. Haines et al., 98 Miss. 830, 54 So. 433; McRae v. Hooker, 138 Miss. 439, 103 So. 197.

The question of whether or not the defendant insurance company was liable to the appellee under or by virtue of the Louisiana Workmen's Compensation Act was in no wise involved in the record before this court on the former appeal. In fact, there was no assertion or claim of any primary liability of the present appellant for the injury to the appellee. The sole cause of action there involved was a common-law action for tort; that is, an action based solely upon the alleged negligence of the master resulting in injury to an employee. It was brought by way of an attachment in chancery against the master, and the insurance company was joined as a defendant solely on the ground that it was indebted to the nonresident principal defendant, and for the purpose of conferring jurisdiction of said nonresident defendant, and binding in the hands of the insurance company any sum due by it to the principal defendant.

The amended bill of complaint introduced a new and different cause of action based entirely upon rights conferred by statute; and the issues presented by this appeal are wholly different from those presented and decided on the first appeal; and consequently the doctrine of the

law of the case can have no application to the issues now presented.

As hereinbefore stated, the amended bill of complaint set up a new cause of action against the appellant—one based upon statutory and contractual rights as distinguished from common-law liability for a tort, one in which the parties were different, the issues different, and which required a different character of evidence for its support, and afforded different defenses from those applicable to the cause as originally pleaded. Consequently it did not relate back to the commencement of the suit so as to arrest the running of the statute of limitations against the right or cause of action so pleaded.

The Louisiana Workmen's Compensation Act is in derogation of the general law respecting the rights and liabilities of parties under the relation of master and servant, and creates a new right and remedy, and imposes new and different obligations and liabilities; and it provides within its terms an express limitation of time within which the rights may be enforced, as appears from section 31 of the act, which provides: "That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death of the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

It clearly appears that proceedings were begun under this act long after the expiration of one year from the date of the injury to the appellee, and more than one year after the appellant made the last payment to the appellee under its policy contract. Consequently the lapse of this

statutory period operated to extinguish and forever bar appellee's rights under the act.

The decree of the court will therefore be reversed, and the bill dismissed.

Reversed, and bill dismissed.