GRAY v. LOVE, SUPERINTENDENT OF BANKS.

(Division A. May 27, 1935. Suggestion of Error Overruled July 24, 1935.)

[161 So. 679. No. 31722.]

E. C. Sharp, of Booneville, for appellant.

**C. R. Bolton,** of Tupelo, for appellee.

**McGowen, J.,** delivered the opinion of the court.

On the 26th day of December, 1930, the Booneville Banking Company closed its doors and suspended business and remained closed thereafter. On January 12, 1931, the chancery court of Prentiss county entered a decree placing the affairs of the bank in charge of the state superintendent of banks, the appellee here.

On December 27, 1930, Marion A. Sanders, a stockholder of the Booneville Bank, died testate. His will was

probated on the 27th day of January, 1931, and Joseph W. Sanders was appointed executor and granted letters testamentary. On the 29th day of January, 1931, the executor published notice to creditors to present their claims against said estate for probate and registration according to law within six months from that date. The notice was published for the statutory period and due proof thereof was seasonably filed in the chancery clerk's office. Later Joseph W. Sanders resigned as executor of said estate, and John E. Gray, the appellant, was appointed administrator with the will annexed.

No claim was ever probated against the estate of Marion A. Sanders for his liability as a stockholder in the defunct bank. On July 2, 1932, the superintendent of banks filed a bill in the chancery court against a large number of the stockholders of the bank seeking to recover their statutory liability. In this bill the executor of the estate of Marion A. Sanders was made a party defendant and sued for the par value of decedent's stock. Before the trial Gray, as administrator of the estate, was admitted to defend the suit. The bill discloses that on the day the bank closed its doors it was insolvent, and a statement, set forth therein, demonstrated that fact.

There were many issues submitted to the chancellor on the trial of the case; upon some of them he adjudged that the estate of Marion A. Sanders was liable for the full amount of the value of the stock he owned at the time of his death. From that decree Gray, administrator, prosecutes an appeal to this court.

By agreement of counsel the sole question presented here is whether or not it was necessary that the claim for liability against the estate of Marion A. Sanders should be probated before suit could be maintained thereon. There were other questions in the court below and assigned as error here, but the case is narrowed now to the single issue.

It is the contention of the appellant that the liability on the stock held by Marion A. Sanders arose during his lifetime upon the closing of the bank at a time when it was insolvent.

The appellee contends that the liability of Sanders on his shares of stock in the bank did not arise until after his death; in other words, that the liability had not matured into a cause or right of action.

If the cause of action arose on the day the bank closed insolvent, then on that defense interposed in the lower court it was necessary to probate the claim, and since it was not so probated it was barred when the suit was brought in 1932. The executor had published notice and done all things requisite to set in motion the statute of limitations as to the probation of claims.

Section 1672, Code of 1930, provides that all claims against the estate of deceased persons, whether due or not, shall be registered, probated, and allowed, in the court in which the letters testamentary or of administration were granted within six months after the first publication of notice to creditors to present their claim; otherwise the same shall be barred, and a suit shall not be maintained thereon in any court. Compliance with this section is mandatory. Johnson v. Machinery Co., 93 Miss. 169, 46 So. 957; Lehman v. Powe, 95 Miss. 446, 49 So. 622; Persons v. Griffin, 112 Miss. 643, 73 So. 624; Merchants & Manufacturers Bank v. Fox, 165 Miss. 833, 147 So. 789.

Section 3815, Code of 1930, provides that the stockholders of every bank shall be individually liable, actually and ratably, and not for one another, for the benefit of the depositors in said bank to the amount of their stock at the par value thereof. Section 3780, Code of 1930, makes it the duty of the superintendent of banks, when it is brought to his attention that the capital stock of any bank is impaired, to immediately require the stock-

holders to pay into the bank a sufficient sum to restore the capital, or execute a bond to insure the solvency of the bank, conditioned that all debts shall be paid in full.

In Pate v. Bank of Newton, 116 Miss. 666, 77 So. 601, this court held that the liability of stockholders, as fixed by section 3815, supra, is a primary obligation, and a suit against them may be maintained whenever it is reasonably apparent that the assets of the bank will not pay the depositors, and there is no requirement to await a collection and application of the debts and property of the bank before bringing such suit against the stockholders, and that liability accrues with the making of a deposit. It was there further said that when the stockholders pay this liability into the bank and it is applied to the satisfaction of the depositors' claims, and after the debts of the bank are paid, if there were any funds left the stockholders would naturally secure this remainder as a stockholder of the bank; and, of course, a stockholder who had paid the liability would first be repaid before any stockholder who had not paid such liability.

In Board of Bank Examiners v. Grenada Bank, 135 Miss. 242, 99 So. 903, this court held that a claim against the estate of a deceased stockholder is barred unless probated where the stockholder dies after liability accrues. The court there said that a suit may be brought against stockholders for such liability at any time after the bank has been taken over and whenever it is reasonably apparent that the assets of the bank will not pay the depositors.

In the case of Gift v. Love, 164 Miss. 442, 144 So. 562, 86 A. L. R. 63, this court announced the rule for determination of the question as to when the liability accrues. It held that when a bank became insolvent and closed, the deceased stockholder's double liability matured, standing in the same class as other unsecured

debts, and became a charge on the estate's entire personalty and realty. The case at bar comes well within this rule; the claim here had matured before the death of Sanders, and therefore should have been probated, and not having been duly and legally probated, no suit can now be maintained therefor. The decision in this case is limited to its facts.

Reversed, and decree here for appellant.