OPINION OF THE COURT — by tiie
How. ELI HUSTON.
Lucy Ann Hamilton, by her next friend, brought her action of detinue against Maybon Cooper, to recover from Mm certain negro slaves. • The defendant pleaded first the general issue; to which‘there is a joinder, and' then five other pleas, to which the plaintiff demurred. The court below sustained the demurrer, and, upon trial of the general issue, the plaintiff had a verdict and judgment in her favor. The case is brought into this court by appeal, and the appellant has assigned for errorthe judgment of the court in sustaining the demurrer to his five pleas, and also various opinions and charges of the court, as contained and. set forth in a hill of exceptions filed in the cause.
Our attention is first called to the pleas and demurrers. The second and sixth are pleas of the statute of limitations ofthis state; and the question as to the propriety of them, as legal bars to the plaintiff’s recovery is not now,- for the first time, presented for consideration to this court. But the subject has been heretofore decided, after labored investigation, that there is no statute of limitations of this state, which can be set up as a bar to recovery in our courts, until after the termination of the different periods which have been adopted as limitations of actions by the last act of our legislature on this subject. However much we may regret the consequences resulting from injudicious legislation, we are not prepared to array ourselves in opposition to those functionaries of government, who have. *543 a constitutional right to make law. The court below, therefore, did not err, in sustaining the demurrer of the plaintiff to these pleas.
The third and fourth are pleas setting forth and relying upon the statute of limitations of Kentucky, for defence. The question presented upon the demurrer to these pleas has also been adjudicated on by this tribunal, and it has been determined that the courts of this state must coniine themselves to the limitations provided by our own statutes, and cannot regard those of any other state in the Union. This decision is authorized and sanctioned by the decisions of most of the superior courts of the different states, and is, we conceive, founded upon reason and sound policy.
The fifth is a plea of the statute of limitations of Kentucky, and concluding with an averment that, by the operation of the statute, the defendants acquired title to the property in controversy. Upon the first presentation of this pla, we were inclined to think that it was not materially variant from the two preceding pleas, and must fall under the same rule of decision. But, upon a full examination of authorities, we became convinced that the court erred in sustaining the demurrer to this plea. It does not come within the scope of our powers or duties to examine into the law of other states or nations, for the purpose of either approving or condemning the various modes which they have adopted for the purpose of conferring title to the property over which their laws operate. It is alone competent for us to inquire into the fact, whether title has, or has not been given, and to shape our decisions in accordance with the laws of the state or nation from which property may be removed, and declare the title to be in such person or persons as have acquired right under said laws. By repeated decisions of the supreme court of the United States, the principle has been established, that the statute laws of the states must furnish the rule of decision in that court, so far as they comport with the constitution of the United States, in all cases arising within the respective states, and that a fixed and received construction of their statute laws, in their own courts, makes, in fact, a part of the statute law of the country. Viewing this opinion of the supreme court as based in sound reason, we have been ledintoan inquiry into the propriety of the averment of title-in said plea, and the construction which the statute of limitations has received in the courts of Kentucky. In 5 kittle, 281, we discover that the court of appeals *544 ©f Kentucky, in deciding on the statute, have determined that a party té» maining in the adverse possession of slaves, for five years, thereby becomes invested, in virtue of the statute aforesaid, with such right as to enable him to recover them of their former proprietor, or any other person who may afterwards obtain the possession — That the statute not only bars the remedy, but takes away the legal right. This decision of the courts of Kentucky is in conformity to the decisions of the courts of Virginia on her own statute, worded in a manner similar to the Kentucky statute; and in SCranch, 358, and 11 Wheaton, 361, the decisions of these courts have the high sanction of the supreme court of the United States; and in the case reported in the last author, it is expressly decided that the right acquired by virtue of the act of limitations of Virginia may be set up as a de-fence bythe vendee of the possessor, to an action brought against him in Tennessee, by a third person. We therefore think that it was competent for the defendant to plead as he did in his said fifth plea, and that the demurrer, as to this plea, should have been overruled.
We might here close this opinion, but that we judge it best to notice some others of the assignments of error, for the direction of the court below on the trial of the cause.
First, with respect to the right of the legatee to sue. By the will of the testator, the legatee had an inchoate title to the slaves in controversy, so far as the deceased had any right to confer; and this title required only the assent of the executor to become complete: we are of opinion that it was proper for the executor in Kentucky to give that assent, and having done so, either expressly or impliedly to prove the same. Secondly — An objection was taken to the deposition of Faith being read on the trial, in the absence of the usual affidavit. Upon an inspection of the record, we are satisfied that the taking and reading of said deposition was a condition upon which a continuance of the cause was granted to defendant; and we do not doubt the power of the court, upon granting continuances, to lay the party applying under terms, and having done so, we do not conceive the court erred. We have noticed no error in the proceedings in this cause, except the one above specified; but, for that, the judgment below must be reversed, and the cause sent back for proceedings' to be had in conformity to this opinion.
Judges Turner, Nicholson, Montgomery, and Smith concur.