LOUISVILLE & N. R. Co. *v.* DIXON.

(Division B. Nov. 13, 1933.)

[150 So. 811. No. 30541.]

**E. J. Gex**, of Bay St. Louis, and **Smith & Johnston**, of Mobile, Ala., for appellant.

16

Gex & Gex, of Bay St. Louis, and W. B. Grant, of New Orleans, La., for appellee.

Argued orally by **H. H. Smith,** for appellant.

**Griffith, J.,** delivered the opinion of the court.

This suit was brought in the chancery court of Hancock county to recover compensation under the Louisiana Workmen's Compensation Law (Act No. 20 of 1914, as amended) for the death of appellee's intestate, who was accidentally killed in the state of Louisiana while in the service, in that state, of appellant railroad and in the course of his employment in the operation of a derrick or steam shovel for the railroad company. The injury and death occurred on the 19th day of July, 1924. The deceased was a resident of this state and of Hancock county, and the administratrix here is the widow and sole heir at law and distributee of the estate of the decedent. The parties failed to reach any agreement as to the payments to be made under the compensation laws, or otherwise, and the widow was obliged to employ counsel to enforce her demands. Upon consideration of the

case, her counsel were in doubt whether under the facts the courts would hold that the deceased was at the time of his injury engaged in interstate service or whether the employment was intrastate. Consequently, two suits were filed in the circuit court of Hancock county, one on July 16, 1925, seeking recovery under the Federal Employers' Liability Act (45 U. S. C. A., secs. 51-59), and two days later another suit for compensation under the Louisiana Compensation Act. The first suit, under the Federal Employers' Liability Act, was prosecuted to a conclusion and resulted adversely to the plaintiff. Thereupon prosecution of the second suit was resumed, with the result that on the 23rd day of September, 1929, the circuit court dismissed the said second suit, not on the merits, but because the court was of the opinion that the circuit court was without the necessary machinery to enforce the Louisiana Workmen's Compensation Law. Within one year thereafter, and on September 1, 1930, the opinion of this court in Floyd v. Vicksburg Cooperage Co., 156 Miss. 567, 126 So. 395, having in the meantime been published, appellee filed this new suit in chancery on the same cause of action, that is to say, under the Louisiana Workmen's Compensation Act, against which new suit appellant urged, among other defenses, that the new suit was upon a cause of action which had become extinct, because of the provisions of section 31 of the Louisiana Workmen's Compensation Act of 1914 which allowed one year only after the injury or death in which to institute suit, in the absence of agreement in respect to the payments to be made under the act. The chancellor overruled the contention and gave a decree for the amount due under the said compensation laws; and the railroad company has appealed.

It is obvious upon deliberation that the stated question resolves itself into the definite inquiry whether the period for the institution of suit provided in the said Louisiana statute is a mere statute of limitations or whether it inheres in the cause of action as a part of the substance thereof.

The rights of action created by the Workmen's Compensation Acts are not so wholly new or unusual or inadmissible in their nature as that the courts of other states will refuse to enforce those rights. The courts, state and federal, are now generally taking the view in that respect which was adopted by our court in Floyd v. Vicksburg Cooperage Co., supra. Nevertheless, the compensation statutes do create rights of action which did not exist under the common law or under the civil law, in that recovery may be had under the compensation laws without regard to fault or negligence. Thus there is introduced, as applicable to the rights of action given by the compensation statutes, the rule that, where a statute creates a right of action which did not exist under the common law and the same statute fixes the time within which action or proceedings to enforce the same may be begun, the time so fixed is not a mere statute of limitations, but is an integral part of the right thus created, is a substantive condition, so that, after the time fixed in the statute, the right to institute an action thereunder becomes extinct, not only in the state which created the right, but everywhere else.

This rule is so generally recognized that our court in Travellers' Insurance Co. v. Inman, 138 So. 339, held, as if it followed as a matter of course, that the elapse of the period of one year before the bringing of suit in this state under the Louisiana Workmen's Compensation Act would extinguish the right to recover under that act. However, upon the suggestion of error in that case, our attention was called to the opinion of the Louisiana court in Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25, 27, in which that court said that the period prescribed in the Louisiana Workmen's Compensation Act is "a statute of limitation, or prescription liberandi causa," and our court thereupon withdrew decision on that point and disposed of the suggestion of error upon other grounds. Travellers' Ins. Co. v. Inman (Miss.), 147 So. 663.

In that situation we called upon counsel in this case for additional briefs upon the point, and, having received the same, we have returned to its consideration, and after such reconsideration, with the best attention to it of which we are capable, we have come to the conclusion that the view accepted by our court in Travellers' Ins. Co. v. Inman, 138 So. 339, is the correct view. We now find that the Supreme Court of Louisiana, without mention of what was said in the Norwood case, supra, has in the later case of White v. Louisiana Western Ry. Co., 174 La. 308, 140 So. 486, held that the period of one-year prescribed in their Workmen's Compensation Law is not a mere statute of limitations, but is so much a matter of substance integral in the statute that a change in it with regard to the allowable period for suits could not be made so as to affect suits for injuries occurring previous to the change or amendment. The same conclusion has been recently reached by the Federal Circuit Court of Appeals for this circuit in Ford, etc., Inc., v. Volentine, 64 Fed. (2d) 801, namely, that the period of one year for suit fixed in the Louisiana Workmen's Compensation laws is not simply a statute of limitations or prescription, but is a condition essential to the assertion of the right by suit, and that this remains true when the suit is brought in a jurisdiction outside of the state of Louisiana.

Having determined that the period prescribed is an integral part of the right, a condition of the right to institute a suit, and is not a mere statute of limitations, the remaining question is whether our section 2314, Code 1930, can be applied to save the case now in hand. That section provides in effect that, where any suit has been brought in time, but has been defeated for reasons other than upon the merits, a new action for the same cause may be brought within one year after the determination of the original suit. The principle upon which this question turns has been generally settled in other jurisdictions, and we find that the courts of Louisiana adhere to

the same course of adjudication in regard to the particular question which prevails elsewhere.

In Matthews v. Kansas City S. Ry. Co., 10 La. App. 382, 120 So. 907, 911, the court of appeals of Louisiana quoted with approval the following annotation: "The rule is well settled in a majority of the jurisdictions where the question has arisen, that, as a statute which creates a cause of action not known to the common law, and fixes the time within which an action must be commenced thereunder, is not a statute of limitation, but the right given thereby is a conditional one, and the commencement of the action within the time fixed is a condition precedent to any liability under the statute, a general provision of the limitation statutes for additional time within which to bring a new suit after the failure of a previous action for the same cause, notwithstanding the new suit would otherwise be barred, has no application to a purely statutory cause of action upon which the statute creating it provides that action must be brought within a certain time." And the court went on to hold further that the statute of Louisiana, article 3518, Civil Code, in respect to interruptions by suit, is inapplicable to the periods in statutes of the nature here under consideration, and that "the recommencement by plaintiff of her action within one year after the dismissal of a former action by her for the same cause, but more than one year after the death, did not interrupt the running of the delay of one year allowed . . . in which to commence the action." The court, in citing cases as authority for its position, refers to Rodman v. Railroad Co., 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704, which is one of the principal cases relied on by our own court in Gulf & S. I. Railroad v. Bradley, 110 Miss. 152, 69 So. 666, Ann. Cas. 1918D, 554.

Thus it appears that the Louisiana courts are in harmony with other courts that statutes which are merely statutes of limitation or prescription do not operate to extend or supplement the time for the institution of the

suit, upon which the recovery is to be had, in respect to causes wherein the period allowed for the institution of the suit is an integral part of the right asserted in the suit. Our section 2314, Code 1930, is purely a statute of limitations; it has no other character or potency, and therefore cannot be made applicable to a cause of action wherein the period prescribed is a substantive portion of the cause of action as is the case now before us. The cause of action had become extinct when the second suit was filed herein, and we have no power over it except to so declare and dismiss it.

Reversed and dismissed.