Alexander **RAMSAY**, Jr., et al., Plaintiffs-Appellants,

v.

The **BOEING COMPANY**, Defendant-Appellee.

No. 28266.

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1970.

Rehearing Denied and Rehearing En Banc Denied Oct. 29, 1970.

Lee S. Kreindler, New York City, Jack A. Travis, Jr., Jackson, Miss., for plaintiffs-appellants; Kreindler & Kreindler, New York City, and Richard M. Zaroff, New York City, of counsel.

Junior O'Mara, Jackson, Miss., Benjamin E. Haller, New York City, for defendant-appellee; Mendes & Mount, New York City, of counsel.

Tom H. Davis, Austin, Tex., Byrd, Davis, Eisenberg & Clark, Don L. Davis, Austin, Tex., amicus curiae.

Before COLEMAN, GOLDBERG and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This is a wrongful death action arising out of the crash of a commercial jet airliner near Brussels, Belgium, on Feb-

ruary 15, 1961. Liability is predicated on Belgium law.[1] The airliner, a Boeing 707–329, was operated by Sabena Belgium World Airlines, and was manufactured by the defendant Boeing. At the time of the fatal crash, the airliner, serving as Sabena Flight 548, which originated in New York, was making its final approach to the Brussels airport, when it apparently experienced one or more serious mechanical malfunctions and crashed to the ground. This action was commenced in the United States District Court for the Southern District of Mississippi on February 2, 1967,[2] some thirteen days before the six-year Mississippi statute of limitations would have expired.[3]

None of the plaintiffs, nor their decedents, are or were residents of the State of Mississippi. Alexander Ramsay, Jr., and Jean B. Ramsay, suing for the death of their son, are resident citizens of the State of Michigan. Genevieve Swallender, whose husband was killed in the crash, was appointed the administratrix of his estate in Michigan and is a resident citizen of Minnesota. Martha Sauren Offergelt, suing for the death of her husband, is a resident citizen of West Germany. Helene Marie Balteau, also suing for the death of her husband, is a resident citizen of Belgium. The Boeing Company is a Delaware corporation with its principal place of business in the State of Washington. Each of the plaintiffs was precluded from bringing suit under the laws of their resident jurisdictions, the laws of New York, where the ill-fated flight originated, as well as Boeing's place of incorporation and principal place of business.[4] Furthermore,

1. Liability is predicated on the following articles of the *Belgian Civil Code:*
   Article 1382. Any human act, which causes injury to another, obliges the person whose fault caused the damage to redress it.
   Article 1383. Everyone is liable for the injury caused not only by his action but also by his negligence or his imprudence.
   Article 1384(1). One is responsible not only for the injury caused by one's own acts, but also for that which is caused by the act of persons for whom one is responsible, or of things which are in one's custody.

2. The plaintiffs had previously settled their claims against Sabena for $8,300 each, under the Warsaw Convention.

3. Miss.Code § 722 (1956). See Smith v. McComb Infirmary Association, Miss., 1967, 196 So.2d 91.

4. In Michigan, an action for death must be brought within three years from the date of death, and the period of limitation applicable to a claim accruing outside of Michigan is that prescribed by the law of the place where the claim accrued or by the law of Michigan, whichever bars the claim. Revised Judicature Act of 1961, §§ 5805 and 5861 [M.C.L.A. §§ 600.-5805, 600.5861]. In Minnesota, an action for wrongful death must be brought within three years after the act or omission causing the death, and under the Minnesota Borrowing Statute, an action which accrues in another state or foreign country and cannot be maintained there because of lapse of time cannot be maintained in Minnesota, except by a Minnesota citizen who owned the claim from the time it accrued. Minn.Statutes, §§ 573.02 *as amended* (1967) and 541.14. As will appear in more detail below, a death action under the law of Belgium must be brought within five years of the date of death. The limitation period for wrongful death actions, or their equivalent, in West Germany is not available to us.
   Under New York law, an action for wrongful death must be brought within two years of the death. Estate Powers & Trusts Law, § 5–4.1. Furthermore, actions arising outside of New York are barred if brought after the expiration of the applicable limitation period under the laws of either New York or the state or country where the action arose, except that where the action originally accrued in favor of a resident of New York, the New York limitation applies. Civil Practice Law & Rules, § 202. Delaware has a two-year statute of limitations for wrongful death and a borrowing statute which provides that in actions arising under the laws of another state or nation, the shorter limitation applies, except that the Delaware limitation applies if the plaintiff was a Delaware resident when the cause of action accrued. 10 Delaware Code §§ 8106A and 8120. In Washington, the limitation period for an action for wrongful death is three years, but if the cause of action is barred in the state, territory

the plaintiffs concede that "[t]he sole reason that this action was started in the Mississippi [sic] was to take advantage of Mississippi's six-year statute of limitations for wrongful death. Other than that, and the fact that the defendant does business in Mississippi, Mississippi has no contacts with this litigation".[5]

The plaintiffs brought an identical action in the Eastern District of New York shortly before they commenced this suit in the Southern District of Mississippi and then moved that the Mississippi action be transferred to the New York District Court under Section 1404(a) of Title 28, United States Code. This motion was denied.

The case went to trial before a jury on January 7, 1969. At the close of all the evidence, Boeing moved for a directed verdict under Rule 50(b), Federal Rules of Civil Procedure, on the grounds: (1) that the plaintiffs failed to prove a prima facie case; (2) that their claim was barred by prescription under Belgium law; and (3) that they lacked capacity to sue as personal representatives under Mississippi law. The district court denied the motion on all grounds and submitted the case to the jury. The jury returned a general verdict for Boeing. Plaintiffs made timely motion for a new trial, which was denied.

The plaintiffs contend that it was error for the district court to deny the motion for a new trial and that the judgment of the district court ought to be reversed and the matter remanded for a new trial. In support of this position, the plaintiffs contend (1) that the presence in the jury room of the Belgian Government Accident Report, which had not been admitted into evidence and which concluded that it was impossible to determine the cause of the accident and specifically rejected the plaintiffs' theory, was error; (2) that the district court's refusal to admit reports and oth-

er documents issued by Boeing containing conclusions and admissions concerning the accident and evidence of post-accident design changes made by Boeing in the 707, which resulted from the accident and confirmed plaintiffs' theory of the cause of the accident, was error; (3) that it was error for the district court to dismiss plaintiffs' claims based on breach of warranty on statute of limitations grounds; and (4) that it was error to deny the transfer of this case to New York.

In urging that the district court be affirmed, Boeing reasserts the grounds upon which it based its motion for a directed verdict as a basis for affirmance, as well as meeting the main contentions of the plaintiffs.

After carefully considering the applicable Mississippi and Belgian law, as well as other authorities, we hold that a Mississippi court would apply the substantive law of Belgium in this situation and that Belgium's five-year prescription statute applicable to actions to recover for wrongful death, as construed by the courts of that nation, is substantive. Consequently, the present action is barred by prescription and it is unnecessary to reach the other issues raised by this appeal. *See generally* Judge Goldberg's decision in Gaston v. B. F. Walker, Inc., 5 Cir., 1968, 400 F.2d 671.

## I.

Since this is a diversity action, this court is bound by the substantive law of Mississippi, which includes Mississippi's conflict of laws rules. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938); Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

In a wrongful death action, the Supreme Court of Mississippi has recently adopted the "center of gravity" or the

---

or country where it arose, it is barred in Washington, provided the action is between non-residents. Rev.Code Washington §§ 4.16.080 and 4.16.290.

5. Brief for Plaintiffs-Appellants, p. 28.

"most substantial contracts" rule as articulated by the Restatement (Second) of Conflict of Laws (Proposed Official Draft, Adopted May 24, 1968).[6] Mitchell v. Craft, Miss.1968, 211 So.2d 509. See also Craig v. Columbus Compress & Warehouse Company, Miss.1968, 210 So. 2d 645. It is clear under this approach that the law of Belgium would determine the rights and liabilities of the parties. As the plaintiffs concede, the only contact that Mississippi has with the litigation is the presence of Boeing in the state for the service of process and the hoped-for availability of a six-year statute of limitation on actions for wrongful death. The injuries occurred in Belgium and the conduct causing the injury allegedly took place at the Boeing plant in Washington. None of the plaintiffs are residents of Mississippi and there is nothing to indicate that Boeing's activities within the state were in any way related to the crash. The relationship between the parties, it would seem, was most centered in the State of New York where plaintiffs' decedents boarded the airplane. Furthermore, in analyzing the relevant policies of interested states and nations, it seems that Belgium's would predominate since the airplane was owned and operated by its national airlines and since the crash occurred on its soil. Cf. Tramontana v. S. A. Empresa De Viacao Aerea Rio Grandense, 121 U.S.App.D.C. 338, 350 F.2d 468, 471, cert. den. 383 U.S. 943, 86 S.Ct. 1195, 16 L.Ed.2d 206 (1965).

In most instances, Mississippi follows the traditional rule that a statute of limitation is procedural for the purposes of choice of law and that the applicable statute of limitation of the forum state generally applies to a cause of action arising under the laws of another jurisdiction. Guthrie v. Merchants National Bank of Mobile, 254 Miss. 532, 180 So. 2d 309 (1965). However, Mississippi has long recognized exceptions to this rule. As early as 1832, the Supreme Court of Mississippi held in Hamilton v. Cooper, 1 Miss. 542, an action in detinue to recover the possession of certain Negro slaves, that an action commenced

---

6. In Mitchell v. Craft, Miss.1968, 211 So.2d 509, at 515–516, the court quoted with approval the following sections of the Restatement:

§ 175. Right of Action for Death.

In an action for wrongful death, the local law of the state where injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied.

§ 145. The General Principle.

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contracts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

\* \* \* \* \*

§ 6. Choice of Law Principles.

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

in Mississippi but arising under the laws of another state is barred by the applicable statute of limitations of the other state where that statute not only bars the remedy but also extinguishes the legal right of action. The court further held that it was bound by the construction placed on the foreign statute of limitation by the courts of that jurisdiction. In Perkins v. Guy, 55 Miss. 153, 177–178 (1877), an action in assumpsit arising under the laws of Tennessee, the court said that it would give effect to the statute of another state extinguishing the right of action, but ·held, after examining Tennessee law, that the Tennessee statute of limitation operated on the remedy and did not extinguish the right. In Louisiana & Mississippi R. Transfer Co. v. Long, 159 Miss. 654, 131 So. 84, 88 (1930), the court refused to apply the applicable Louisiana statute of limitation in an action arising under Louisiana law because it "merely bars the remedy and not the right of action".

More recently, the Mississippi Supreme Court in Bethlehem Steel Company v. Payne, Miss.1966, 183 So.2d 912, held that a claim under the Louisiana Compensation Act was barred by the limitations provision contained within the Act itself. In doing so, the court said:

> There are a number of well recognized exceptions to the general rule that statutory limitations upon the time within which suit must be brought are procedural. The following exception to the rule is noted in Stumberg, Conflict of Laws, p. 148 (3rd ed., 1963):

> Another exception which is frequently made in the decisions exists where a statute which creates the right, in the same enactment provides for the time within which suit is to be brought. In such cases a majority of the courts have taken the position that the limitation qualifies the right so that unless suit is brought within the time allowed under the foreign statute, no suit may be brought at the forum, even though the time there may be longer. At 916.

The court also quoted from its decision in Louisville & N.R. Co. v. Dixon, 168 Miss. 14, 20, 150 So. 811, 812 (1933):

> Thus there is introduced, as applicable to the rights of action given by the compensation statutes, the rule that where a statute creates a right of action which did not exist under the common law and the same statute fixes the time within which action or proceedings to enforce the same may be begun, the time so fixed is not a mere statute of limitations, but is an integral part of the right thus created, is a substantive condition, so that, after the time fixed in the statute, the right to institute an action thereunder becomes extinct, not only in the state which created the right, but everywhere else. At 916.

Narrowly construed, these decisions stand for the proposition that Mississippi will follow a foreign prescriptive period imposed on a cause of action arising under a foreign statute if the prescription is contained in the statute creating the right of action.[7] Considered in a broader sense, however, the rationale relied on in these cases clearly indicates that Mississippi would consider itself bound by a foreign prescription statute applicable to a cause of action arising under the laws of a foreign jurisdiction whenever the prescription statute conditions the existence of the right of action, rather than merely the pursuit of the remedy, in such a way as to extinguish the right of action after the specified period has elapsed, regardless of whether the prescription·is "built in" to a statute creating the right of action.

A further indication that Mississippi would follow this broader formulation of the exception is found in Bethlehem

---

7. This formulation of the exception is most frequently used in applying the limitation period contained in foreign statutes creating a cause of action for wrongful death, where the action arises under the law of the foreign jurisdiction. *See generally* Annot. 95 A.L.R.2d 1162, 1164, § 2.

Steel Company v. Payne, supra, where the Mississippi court noted that "[t]here are a number of well recognized exceptions to the general rule \* \* \*" and quoted from Stumberg, supra. In the paragraph immediately preceding the passages quoted by *Bethlehem Steel*, Stumberg states:

> A number of exceptions to the general rule have been made by various courts. It has often been said that where the foreign statute prescribes the right instead of merely limiting the time within which suit must be brought, it becomes a matter of substance. The theory here is that the prescriptive law destroys the right of the claimant upon the lapse of the designated period \* \* \* Stumberg, supra, 147–148.

Likewise, the Proposed Official Draft of the Restatement (Second) of Conflicts of Laws, so heavily relied on in the recent case of Mitchell v. Craft, supra, provides:

> § 143. Foreign Statute of Limitations Barring the Right.
>
> An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy.

Our conclusion that Mississippi would apply the exception broadly is buttressed by a wealth of cases,[8] particularly those dealing with the application by American courts of the prescription statutes of foreign nations to actions arising under their laws.[9] The leading federal case is

Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067 (1904), which held that the Montana statute of limitations for actions against corporate directors was available as a defense to an action brought in federal court in New York on a liability incurred prior to the enactment of the statute. In doing so, the court said:

> The general theory on which an action is maintained upon a cause which accrued in another jurisdiction is that the liability is an *obligatio*, which, having been attached to the person by the law then having that person within its power, will be treated by other countries as accompanying the person when brought before their courts. But, as the source of the obligation is the foreign law, the defendant generally speaking, is entitled to the benefit of whatever conditions and limitations the foreign law creates. \* \* \* It is true that this general proposition is qualified by the fact that the ordinary limitations of actions are treated as laws of procedure, and as belonging to the *lex fori*, as affecting the remedy only, and not the right. But in cases where it has been possible to escape from that qualification by a reasonable distinction, courts have been willing to treat limitations of time as standing like other limitations, and cutting down the defendant's liability wherever he is sued. The common case is where a statute creates a new liability, and in the same section or in the same act limits the time within which it can be enforced, whether using words

---

8. *See generally*, the cases and discussion. Reporter's Notes, § 143, Restatement (Second) of Conflicts of Laws, supra. This Circuit has recognized the exception to the general rule in Gaston v. B. F. Walker, Inc., supra (construing Texas law); Pulliam v. Gulf Lumber Company, 5 Cir., 1963, 312 F.2d 505 (construing Mississippi law); Kozan v. Comstock, 5 Cir., 1959, 270 F.2d 839 (construing Louisiana law); Page v. Cameron Iron Works, Inc., 5 Cir., 1958, 259 F.2d 420, rev'g. S.D.Tex., 1957, 155 F.Supp. 283 (construing Louisiana law); and Ford, Bacon & Davis v. Volentine, 5 Cir., 1933,

64 F.2d 800 (construing Mississippi law). See Goodrich, Conflicts of Law, (4th Ed.) § 86, pp. 153–155.

9. Bournias v. Atlantic Maritime Co., 2 Cir., 1955, 220 F.2d 152 (arising under Panamanian law); Goodwin v. Townsend, 3 Cir., 1952, 197 F.2d 970 (arising under Ontario law); Wood & Selick v. Compagnie Generale Transatlantique, 2 Cir., 1930, 43 F.2d 941 (arising under French law). Cf. Hausman v. Buckley, 2 Cir., 1962, 299 F.2d 696, 93 A.L.R.2d 340, cert. den. 369 U.S. 885, 82 S.Ct. 1157, 8 L.Ed. 2d 286 (arising under Venezuelan law).

of condition or not \* \* \* *But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying it qualified the right.* (Emphasis added). At 453–454, 24 S.Ct. at 693–694.

## II.

The next question to be resolved, then, is whether the Belgian statute establishing a prescription period for civil actions for wrongful death so qualifies and conditions the right of action as to extinguish it after the lapse of the applicable period of time. It is clear that in resolving this question, Mississippi would consider itself bound by the construction placed on the statute by the Belgium courts. Davis v. Meridian & Bigbee Railroad Company, 248 Miss. 707, 161 So.2d 171 (1964); Perkins v. Guy, supra; Hamilton v. Cooper, supra. Accord, Pulliam v. Gulf Lumber Company, supra n. 8; Goodwin v. Townsend, supra n. 9. This undertaking is made difficult, however, by the fact that a civil

law jurisdiction seldom finds it necessary to construe its prescription statutes in such a way to make it easily apparent to a common law court whether the statute is considered substantive or procedural in the common law conflicts of law sense. The test adopted by Davis v. Mills, supra, and said to be the usually applied test, Reporter's Notes, Comment c, § 143, Restatement (Second) of Conflicts of Law, supra, is whether the statute is "directed to the newly created liability so specifically as to warrant saying it qualified the right". This test, however, lacks the clarity necessary for facile application. Compare Bournias v. Atlantic Maritime Co., supra n. 9, with Maki v. George R. Cooke Co., 6 Cir., 1942, 124 F.2d 663, 146 A.L.R. 1352, cert. den. 316 U.S. 686, 62 S.Ct. 1274, 86 L.Ed. 1758. A more satisfactory approach in this situation is to determine whether the Belgian prescription statute has *attributes* under Belgian law which Mississippi would characterize as substantive. See Wood & Selick v. Compagnie Generale Transatlantique, supra n. 9.[10]

Thus, it remains to determine the attributes of the applicable Belgian prescription statute.[11] Generally, a civil action is prescribed only after a lapse of 30 years under Article 2262 of the Belgian Civil Code. But since the causing of the death of another through negligence is a violation of the Belgian Penal

---

10. Wood & Selick v. Compagnie Generale Transatlantique, supra, was an action in admiralty for damages to certain consignments of goods. The bill of lading provided that all disputes were to be settled under French law and a French statute "barred by prescription" all such claims one year after the ship's arrival which period had already expired. Under French law, "The right of prescription may not be waived beforehand; prescription which has been already acquired may be waived," and "Judges may not of their own motion base their decisions upon grounds which depend upon prescription". On this basis, the court held that the prescription went to the remedy, rather than the right, finding great significance in the fact that the action could be revived after the prescription had run and that the prescription

had to be asserted as a defense in order to be an effective bar.

11. At this point, it is appropriate to note that the determination of foreign law is treated as a question of law by the Federal Rules of Civil Procedure. Rule 44.1 provides:

A party who intends to raise an issue concerning the law of a foreign country shall give notice in his pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under Rule 43. The court's determination shall be treated as a ruling on a question of law.

Code [12] as well as the Civil Code,[13] the civil action to recover for wrongful death is subject to the shortened prescription period of Article 26 of the Preliminary Title of the Code of Penal Procedure, which provides:

A civil action resulting from an infraction will be prescribed after five years elapsed from the day when the infraction was committed, but the civil action cannot be prescribed before the public action.[14]

Article 26 must be read in conjunction with Article 21 of the Preliminary Title, which provides:

The public action will be prescribed after ten years, three years or six months, counting from the day when the infraction was committed, depending on whether the infraction constitutes a crime, a delict or a contravention.

\* \* \* \* \* \*

and Article 22 which provides that the prescription of the public action may be interrupted by a public investigation or a public proceedings commenced within three years after the infraction was committed. Applying Article 26 to the case at hand in the light of Articles 21 and 22, Mr. Dassesse, Boeing's expert on Belgian law, testified "that following the accident of February the 15th, 1961, the Public Prosecutor ordered an investigation that led to an inquiry and which was terminated by a binding, an ordinance— \* \* \* [e]quivalent of a dismissal of no true bill dated September the 26th, 1963 \* \* \* " and that, because of this, both the public and civil actions for the deaths of the plaintiffs' decedents were finally prescribed under Belgian law on September 26, 1966.[15]

The prescription period of Article 26 is apparently applied by the Belgian courts as a matter of public order or policy. In Hubaut v. Societe de Marcinelle et Couillet, 1877 Pasicrisie, Vol. I, p. 92, the Belgian Court of Cassation held that the predecessor to Article 26, which imposed a prescription period on the civil

---

12. Article 418 of the Belgian Penal Code provides:
    One is guilty of involuntary homicide or bodily harm who has caused the harm by lack of foresight or precaution but without intent to assault the person of another.

13. See Articles 1382, 1383 and 1384(1), supra, n. 1.

14. In an affidavit, Jean Dassesse, Boeing's expert on Belgian law and one of the fourteen members of the bar of the Court of Cassation, the Belgian supreme court, stated:
    To cause the death of a person, without intent, through lack of foresight or precaution, is a punishable penal act: Articles 418 and 419 of the Penal Code punishing the delict of *involuntary homicide*. The five-year statute of limitation applies where the facts alleged as the cause of damages upon which compensation is sought constitute an infraction. (Defendant's Exhibit D-2, Appendix of Appellee's Brief, 8b, 10b.)
    And testified that
    In Belgian law, we have two dispositions of law which limit the time within which an action may be taken to recover damages. We have a general disposition of in Civil Law. We have

Article 2262 of the Belgian Civil Code which provides that personal actions are prescribed by 30 years. and by the term personal action, we must understand particularly the actions in tort for recovery of damages based on Article 1382 of the Civil Code: 1382 and following of the codes of the Civil Code. We also have another particular disposition, and we also have the disposition of the Article 26 of the law of April 17th, 1878, as modified by the law of May 30th, 1961, which forms the preliminary law regarding penal criminal procedure. This text decides or is authority for the proposition that a civil action resulting from an infraction is prescribed by 5 years except [unless] \* \* \*, that the criminal action would be longer than five years. (Testimony of Jean Dassesse, Appendix to Appellee's Brief, 46b, 50b.)
The plaintiffs' expert, Joseph N. Sweeney, Dean of Tulane Law School, did not contradict Dassesse's position that under Belgium law the applicable prescription period was five years. (Excerpts from Testimony of Joseph N. Sweeney, Appellants' Supplementary Appendix, 3aa.)

15. Testimony of Jean Dassesse, supra, 60b–61b.

action identical to that imposed on the public action, applied to an action to recover for wrongful death of plaintiffs' husband and father, and said:

Considering that from the combination of articles 2, section 3, 3 section 2, [sic] 637 and 638 of the said Code, it follows that the public action and civil action deriving from a crime or a delict are both extinguished by the same prescriptions, that this rule, already stated in absolute terms in Articles 9 and 10 of the Code of 3 Brumaire, Year IV, is a matter of general and common law, that it should therefore be applied in the absence of contrary provisions to all actions of whatever nature which have as their object the recovery of damages caused by an infraction punishable by a correctional penalty. * * *

\* \* \* \* \* \*

Considering that in placing the prescription of the public action and of the civil action on the same basis, the legislature based itself on considerations of public policy [literally: "public order"] which render the rule of civil law written for the benefit of minors in the Article 2252 above cited [providing for the suspension in favor of minors of the general prescription period applicable to civil actions] inapplicable to this matter * * *

In Van-Acker v. The Belgian State, 1948 Pasicrisie Belge, Vol. I, p. 723, the court held the prescription provided for in the Penal Code applied to an action to recover for the death of a person killed as a result of military exercises, even where the act complained of was done by an instrumentality of a fictitious person [the Belgian Government] which could not be subjected to penal prosecution.

Furthermore, it appears from Mr. Dassesse's testimony that the prescription of Article 26 cannot be waived or renounced by a party to the action and that the judge before whom the civil action is pending must determine if the act complained of also constitutes a violation of the Penal Code, and, if so, apply the shortened prescription period on his own motion.

Q. * * * When a civil action is prescribed as a matter of public order by the provisions of the Code of Criminal Procedure or Penal Procedure, is that a prescription which the parties may waive?

A. Waive (French).

\* \* \* \* \* \*

BY THE WITNESS: via Interpreter: The parties cannot renounce or waive prescription provided for because of reasons of public policy.

BY MR. HALLER:

Q. If, before a Belgium Court if it were to come to the attention of the Judge that a claim for civil damages arising from a delict was prescribed by the provisions of the Code of Penal Procedure, would it be the obligation of the Judge on his own motion to reject the claim for that reason?

A. Yes.

A. (Interpreter) Yes, the Judge has the obligation of verifying if the fact is derived from the—

Q. From which is derived.

A. (Interpreter) If the fact from which the action is derived is an infraction and if he determines at the same time that the delay of the public action has prescribed, he must on his own motion oppose the prescription.

Q. By oppose the prescription in that sense do you mean that he must apply the prescription to that claim?

A. (Interpreter) Yes. He must reject the civil action as having been prescribed, as having prescribed.

Q. Does the prescription of a civil action based upon a delict go to the basis of the right to recover damages?

A. Yes.

A. (Interpreter) Yes. Yes, the prescription of public policy signifies

after the expiration of the delay of the public action or at the same time extinguish the right, the right of society to apply, to apply a penalty to the wrong-doer or the author of the infraction at the same time which private law, * * * [a]t the same time that the private rights of the victim to reclaim damages which were suffered as a result of the infraction.[16]

Mr. Dassesse's interpretation of the law of Belgium concerning the prescription of civil actions involving infractions of the Penal Code is supported by Dalcq, Treatise on Civil Responsibility (Brussels, 1962), Vol. II, ¶ 3023, an authoritative treatise on Belgium law, which states in part:

*Conditions for the application of the short prescription of the Civil Action.* The five year prescription applies to the civil action every time the act giving rise to damages constitutes an infraction. The rule must be so interpreted that whenever it is impossible for the Judge to decide the litigation except by finding the existence of a fact causing damage, imputed to the defendant and constituting an infraction, the short prescription fixed by article 26 of the Preliminary Title of the Code of Penal Procedure will apply to the civil action (citations omitted).

The Civil Action does not escape the short prescription unless the civil Judge can justify his judgment without finding a penal infraction (citations omitted).

As the prescription of the civil action by the period fixed in the law of May 30, 1961, modifying the Preliminary Title of the code of Penal Procedure, is a matter of public policy, the civil Judge, when he is seised of an action for damages, has the obligation to analyse the facts constituting fault and to ascertain whether these facts fall under the condemnation of the Penal Law.

And at ¶ 3928:

The prescription of five years applies to the civil action wherever the fact constitutes an infraction, even if it cannot be penally restrained for reasons relating to the character of the actor.

Such is the case notably as to infractions committed by fictitious persons.

\* \* \* \* \* \*

Does not the suspension of prescription contemplated by article 2252 of the Civil Code in favor of minors ap-

16. Testimony of Jean Dassesse, supra, 68b–69b. While the plaintiffs' expert Dean Sweeney took the position that the prescription of Article 26 was not substantive, the following colloquy is significant:
  Q. Now in Mr. Dassesse's testimony, he made mention of a case that referred to an element of public policy whereby the Judge himself would raise a limitation period for wrongful death. Assuming, for purposes of this question anyway, that his basic principle is correct, that there is a complete merger of the Civil Action into the Criminal Action. My question to you, Dean Sweeney, is whether this reference to public policy in any (sic) affects the question of whether the limitation period qualifies the right or merely qualifies the remedy under Belgium Law?
  A. Yes, I think it does.
  Q. Will you explain how and why it does?
  A. In a case in which the limitation of time goes as a condition to the existence of the right, there is no option on the part of the private parties. It is a rule of law which would be called imperative in the sense that it is not up to the parties to do anything about it, they have no control over it. The rule has to be applied. And I take it it is in that sense that the testimony was being given, that a rule which is a public policy is one which escapes the control of the parties and, therefore, is in the hands of the Court itself to apply dramatically of its own notice, on its own notice.
  Excerpts from Testimony of Joseph N. Sweeney, supra, 10aa–11aa.

ply to the civil action arising from a delict? Although it is a short prescription it does not seem that article 2278 applies. Nevertheless an old decree of the Supreme Court does not apply article 2252 in this case. Cass. February 1, 1877, Pas, I, 92. (Hubaut v. Societe, supra.).

Thus, after careful consideration, we hold that the five-year prescription of Article 26, as applied by the Belgium courts, so qualifies and conditions the civil right of action for wrongful death under Belgium law as to extinguish the right to bring the action after the lapse of five years and that a Mississippi court, looking to the law of Belgium, would conclude that the prescription is a matter of substantive law going to the essence of the right of action, rather than a matter of procedure, and thus apply it in an action for wrongful death arising under Belgian law. Since this action was prescribed under Belgian law on September 26, 1966, but not filed in the district court until February 8, 1967, it is barred by prescription and Boeing's motion for a directed verdict should have been granted. The judgment of the district court on the verdict for the defendant is affirmed on different grounds, as herein set forth.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before COLEMAN, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is Denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.